*298 The opinion of the court was delivered by
Valentine, J.:
statement of me case. On the 18th of December 1868 Stevens sued Perrier and two other persons, before a justice of the peace, to recover $100, for the alleged conversion by Perrier and his co-defendants of certain saw-logs and rail timbers, which Stevens claimed to have cut down and severed from the land on .which they stood. Stevens recovered a judgment December 30th, 1868, on default, before said-justice for the full amount of his claim, from which judgment the defendant, on the 9th of January 1869, appealed to the district court. The transcript of the proceedings before the justice was filed in the office of the clerk of the district court on the 29th of February then next, and the plaintiff filed his petition with said clerk on the 14th of April following. The case was continued from term to term in the district court until December 13th, 1871, when it was tried before the court and a jury. After the plaintiff had rested his case, the defendant, by leave of court filed an answer, admitting the taking of the logs and rail timbers, but claiming property in himself. The trial then proceeded to a termination, the defendant introducing evidence, and the plaintiff introducing additional evidence. The jury found for the defendant, and judgment was rendered accordingly. A motion for a new trial having been made and overruled, Stevens now brings the case to this court for review.
i raing plenaÉnmex-prac?1' tice‘ The first error assigned is, that the court below erred in allowing the defendant to file his answer as aforesaid. - We shall dmH® this case upon the theory that Eule 15 of the Supreme Court Eules, (2 Kas., 12,) was valid, and applied to this case; and still we think that no such error was committed as will justify a reversal of the judgment. Under 'the pleadings as they stood in the justice's court the defendant had a right in that court to prove any defense, counterclaim, or set-off, that he might have had, and therefore his answer in the district court did not give him any more or greater rights than *299 he had in the justice’s court. The petition itself does not seem to have been filed in the district court within the time prescribed' by said rule 15, and therefore a strict compliance with the rule should not have been required in the filing of the answer. We do not think that it was intended by rule 15 to take away all discretion from the district court in allowing defenses to be set up in that court after the time fixed for filing an answer had by that rule expired. We suppose that the district court could still, after said rule 15 was adopted, allow defenses to be set up in that court upon such terms as would promote justice, although the time fixed for filing an answer had already expired under said rule. We cannot suppose that the rule was intended to be more rigid, unyielding, unbending, unrelaxing, than the rule of law is in similar cases. The only question in our opinion is, whether the court below abused its discretion in allowing said answer to be filed. We cannot say that it did. The plaintiff did not pretend to be surprised, -nor suggest any terms upon which the answer might be filed, nor ask for a continuance, nor object to proceeding immediately with the trial, nor make any pretense that he was not then as well prepared for a trial as he ever had been, or ever would be, or ever could be. The court probably did just right.

2 contract reiatmfgovemmmt a '

*300
3. Trespass on government fends.

*301 All the Justices concurring.
*299 There are many- assignments of error, and many questions raised by the briefs of counsel, but the one main question in *^e case, is, as to. the right of the' plaintiff to recover upon the facts proved. The plaintiff and defendant resided upon adjoining “claims.” The plaintiff’s claim was prairie, and the defendant’s claim was principally timber. The land occupied by these claims belonged to the government of the United States, and was a part of the “ Osage Ceded Lands.” The said timber was cut on the defendant’s claim. Prior to the cutting of the same, and while said claim was occupied by one Chaney, the plaintiff by a parol contract, purchased said timber from said Chaney. The timber was cut down while the claim was occupied by the defendant, and was allowed to remain on the ground *300 where cut. The defendant afterward used this timber. We think the evidence shows that he used it in making improvements on his claim, and did not remove it from the claim; but this is not very clear. Afterward, and in December 1869, the defendant purchased his claim from the government, under the joint resolution of congress of April 10th, 1869, (16 U. S. Stat. at Large, 55,) and mow owns the land occupied as said claim. Under these facts we think the plaintiff never had any right to or interest in said timber. The parol contract with Chaney was void, for Chaney had no right to sell timber standing on g’overnment land by parol contract, or by any other kind of contract. The plaintiff never obtained any kind of ownership to said timber. When he cut it he had no interest in it, and he never obtained even that kind of ownership which a trespasser may obtain by re-x _ . ducmg' the property ox another to his own possession. Instead of removing it as he might have done, and thereby reducing it to his own possession, he let it remain where he cut it on the land of the government, in the constructive possession of the government, and in the actual possession of the defendant. A trespasser who severs property from the realty, and lets it remain on the land from which he severs it, never becomes, even in criminal law, the possessor of it. If he severs it from the realty and carries it away by the same act, he thereby so reduces it to his own possession that he does not commit larceny with regard to that property, for no man can commit larceny at common law by taking or converting property already in his own possession. But if he severs the property from the realty, and allows it to remain on the'land from which he severs it, it then becomes so absolutely the personal property of the owner of the land, and so perfectly in the possessiou of such owner, that if the trespasser should afterward return and take the property he would commit-larceny. (2 Bishop Crim. Law, §§ 677 to 680.) Even as between the plaintiff and defendant, the defendant had the better right to the timber. Admitting that they were both trespassers upon government land, (and technically we suppose they were, *301 although probably neither of them thought so at the time,) and still the defendant had the better right, for the plaintiff was not only a trespasser upon the government, but he was also a trespasser upon the actual possession of the defendant. When the plaintiff cut the timber he allowed it to remain, not only upon government land, but upon land in the actual possession of the defendant, and in so doing he really allowed it to remain in the actual possession of the defendant; and as between trespassers, the trespasser in possession always has the better right. Taking this view of the case, the defendant, as between the plaintiff and defendant, must' be deemed to have been the owner of said timber. This timber was not cut within the inclosure of the defendant. It was cut outside of the same, but it was cut on the defendant’s claim, and that we suppose is sufficient to place it within the actual possession of the defendant. The judgment of the court below is affirmed.