## EDMISON v. ASLESEN.

LANDLORD AND TENANT—DUTY TO REPAIR STORE—CIVIL CODE, § 1114.

A landlord who rents the cellar and first story of a building in a store block is not bound to keep the same in repair, in the absence of an agreement in the lease, as the property leased is not "a building intended for the occupation of human beings," within the meaning of Civil Code, § 1114.

(Filed February 9, 1886.)

Appeal from the district court of Minnehaha county.

*Parliman & Green,* for appellant.

The codifiers of the California Code under a commission formed by legislative authority in citing the corresponding section of their code, Section 1941 use the following language:

"This section changes the rule upon this subject to conform to that which notwithstanding steady judicial adherence for hundreds of years to the adverse doctrine, is generally believed by the unprofessional public to be law, and upon which basis they almost always contract. The very fact that there are repeated decisions to the contrary down to the year 1861 shows that the public do not and cannot understand their justice or even realize their existence. So familiar a point of law cannot rise again and again for adjudication were it not that the community at large revolt at every application of the rule."

And the only question is upon the interpretation of the word "occupation;" certainly this word is of broader meaning than the meaning given it by the court. Occupation of a hu-

V. 4 DAK.—10

man being is generic in a sense, and applies to all kinds of uses. "Occupation" means use or tenure. Flemming v. Maddox, 30 Ia. 242; Van Enry v. Ogg, 59 Cal. 563.

*Wilkes & Wells*, for respondent.

At common law the duty of making repairs in the absence of a covenant to repair by the landlord, was on the tenant, and there was no implied warranty that a building hired for a dwelling house should be fit for habitation. Taylor L. & T. Secs. 327, 328, 381; Van Enry v. Ogg, 59 Cal. 565; Brewster v. De Frenny, 33 Cal. 344.

But this lease being for the first floor and cellar of the building and these rooms being rented as a store, does the Section 1114 of the statute cover the case at all? Notice, that the statute makes a distinction by limiting the application of the section to "a building intended for the occupation of human beings" and only qualifies the rule of the common law in that particular. Nothing is plainer than that the law makers intended to draw the line between certain classes of tenants. All buildings, stores, warehouses, dwelling houses, barns, granaries, etc., etc., are at times "occupied" by human beings, and are intended to be so used. Is it to be said because of this that the statute applies to them all alike. If so, then there was no sense or use of wording the law as it is. We believe that by using the term "occupation of human beings," it is intended to mean, not the temporary use by human beings of the building for storing and caring for grain, or animals, or during the day by selling merchandise, but on the contrary the permanent use as a habitation or dwelling house.

PALMER, J. The respondent leased to the appellant a portion of a store block in the city of Sioux Falls, at a stipulated price for rental. The rent was unpaid at the time provided for in the lease, and this action is brought to recover the same.

So much of the lease as is necessary to present the question here decided is as follows: The respondent, P. H. Edmison, leased to the appellant, Christian Aslesen, "the first story and cellar of the building situated on the N. ½ of lot 15, block 14, J. L. Phillips, Sioux Falls, for the full term of eleven months

from and after the first day of November, A. D. 1883, and
up to the first day of October, A. D. 1884. And the said
second party agrees to surrender said premises at the end
of this lease, or sooner determination thereof, in as good con-
dition as reasonable use thereof will permit, damages by the
elements excepted." The complaint was in the usual form.
The answer denied the indebtedness alleged in the complaint,
admitted the entering into a contract of leasing of the premises
in question, to-wit, the cellar and first story of the building to
be used and occupied as a retail grocery store; that prior to
the third day of May, 1884, and during the occupancy of appel-
lant, he gave the respondent notice of dilapidations, which re-
spondent ought to repair, to-wit, water in the cellar, (which
flowed in from the surface,) which rendered the premises unfit
for the uses for which appellant had rented the same, and which
might have been remedied by respondent; that because of such
dilapidations appellant was compelled to vacate said premises
before the expiration of the lease, and was not, therefore, lia-
ble for the installments of rent provided for by the lease, and
to recover which this suit was instituted.

It will be observed there was no provision in the lease
which, in terms, made it the duty of the respondent to repair
the defects here complained of. The appellant, however, in-
sists that independent of the contract such obligation rested
upon the respondent by virtue of Sections 1114 and 1115 of the
Civil Code of this territory. The court below held that the
building and property leased was not such a "building intended
for the occupation of human beings" as is contemplated by Sec-
tion 1114 of the Civil Code, and directed a verdict for the plain-
tiff. The defendant duly excepted to the order of the court di-
recting a verdict, and prosecutes this appeal to set aside the
verdict and judgment rendered thereon.

It will be seen, then, that this case presents for construc-
tion by this court one of the peculiar provisions of the law of
this territory, to-wit, Sections 1114 and 1115 of the Civil Code,
which are as follows:

"Sec. 1114. The lessor of a building intended for the oc-

cupation of human beings must, in the absence of an agreement to the contrary, put it in condition fit for such occupation, and repair all subsequent dilapidations thereof, except that the lessee must repair all deteriorations or injuries thereto occasioned by his ordinary negligence."

"Sec. 1115.   If within a reasonable time after notice to the lessor of dilapidations which he ought to repair he neglects to do so, the lessee may repair the same himself, and deduct the expense of such repairs from the rent, or otherwise recover it from the lessor, or the lessee may vacate the premises; in which case he shall be discharged from further payment of rent or performance of other conditions."

Was this a building intended for the occupation of human beings within the meaning of this statute?  I think not.  Entertaining these views, then, I see no error committed by the court below in directing a verdict.

Doubt is also entertained by some members of the court whether the facts in this case show a condition of dilapidation within the meaning of the statute.  Entertaining the views above expressed upon the other branch of the case, this question is not necessarily presented, and upon it no opinion is expressed.  Judgment affirmed.  All the justices concurring.

NOTE BY JUDGE PALMER.   The opinion of the court in this case was by assignment to have been prepared by the Hon. Chief Justice EDGERTON, but owing to the expiration of his term upon the bench, and the pressure of other important duties, no opinion has been written by him; and deeming it important to the profession that they be informed of the views of the court upon the question presented and decided in this case, I have taken the liberty herewith to state the point considered and decided by the court, without attempting to express the reasons which lead us to such conclusion.

NOTE.   There is no implied warranty, upon the letting of a house or store, that it is or shall continue fit for the purposes for which it was let. Lucas v. Coulter, (Ind.) 3 N. E. Rep. 622.

It was held in Wilkinson v. Clauson, (Minn.) 12 N. W. Rep. 147, that there is no implied covenant in the lease of a store room that such room is suitable for lessee's use, or supplied with proper drainage.

Where a lease contains no stipulation or covenant on the subject, no obligation on the part of the landlord to repair is implied, nor any warranty that the premises are or will continue to be suitable for the lessee's use or business, or safe from exposure to damage from the elements through the

landlord's omission to make repairs.   Krueger v. Farrant, (Minn.) 13 N. W. Rep. 158.

It is well settled, that there is no implied covenant on the part of a landlord in a lease that the premises are fit for the purpose for which they are let; and that, at least in the absence of fraud or negligence, he is not liable for their want of repair.  Royce v. Guggenheim, 106 Mass. 201; Brewster v. DeFremery, 33 Cal. 341; Jaffe v. Harteau 56 N. Y. 398; Estep v. Estep, 23 Ind. 114; Hart v. Windsor, 12 Mees. & W. 68; Mullen v. Rainear, 45 N. J. Law, 520; Dutton v. Gerrish, 9 Cush. 89; Edwards v. New York & H. R. Co., 98 N. Y. 245.