HON. A. G. CURTIN BIERER,  
HON. JNO. L. M'ATEE,  
HON. JOHN C. TARSNEY,  }  ASSOCIATE JUSTICES.
HON. JAMES R. KEATON,

---

H. L. HANLEY, *et al. v.* J. B. BANKS, *et al.*

(Filed September 2, 1897.)

1. LANDLORD AND TENANT—*Repair of Premises.* In the absence of stipulation or covenant on the subject in a lease of a building no obligation on the part of the landlord is implied nor any warrantee that the premises are, or will continue to be, suitable for the lessee's use or business or safe from exposure to danger from the elements through the landlord's omission to make repairs. This rule also extends in like manner to parts of the premises not expressly demised to the tenant, but which may be necessary to his convenience or protection as, in this case, the common roof.

2. COVENANT FOR QUIET ENJOYMENT. Where a lease contains no express covenant for quiet enjoyment, the law implies such a covenant from the contract of leasing. Whether a lease contains a covenant for quiet enjoyment or not, is, so far as the rights of the tenant are concerned, immaterial, as in all cases, unless otherwise expressly provided, the law implies such a covenant; and for a breach of such covenant, occasioned through the fault of the lessor, the lessee has his remedy for such damages as result to him therefrom.

3. DAMAGES—*Counter-Claims.* Where the lessee is damaged by the disturbance of his possession by the lessor, the courts will not drive the lessee to his action for trespass for the recovery of such damages. The damages resulting from the breach of the covenant for quiet enjoyment arise out of the contract of leasing and in an action by the lessor upon the lease for rents due, such damages may be recovered by way of counter-claim.
(Syllabus by the Court.)

*Error from the Probate Court of Noble County; before A. R. Museller, Probate Judge.*

*Harris & Lafferty,* for plaintiffs in error.

*Lane B. Osborn* and *J. W. Wilson* for defendants in error.

The facts are stated in the opinion.

Opinion of the court by

TARSNEY, J.: This case was commenced in the probate court of Noble county to recover a judgment for $150, alleged to be due as rent upon a contract evidenced by a written lease. The lease was by the plaintiffs below to the defendants below of the first story or store-room, and also a room 24x40 feet, upstairs, of a building in the city of Perry, to be used by the defendants for the purposes of carrying on a furniture and undertaking business. There was no stipulations or covenants in the lease that the building was at the time of the leasing in suitable condition for the lessee's use or business, or any covenant or stipulation concerning repairs. At the commencement of the action, by the terms of the lease, there was due the plaintiff $150. The defendant answered by a general denial, and also set up two separate defenses by way of counter-claim, (1), That the plaintiffs negligently, wrongfully and wilfully suffered the roof of the build-

ing to become and remain out of repair, by reason whereof large quantities of water were permitted to pass through said defective roof upon the furniture and stock of the lessees in said building, greatly damaging the same. (2), That plaintiffs entered upon said premises to raise and adjust said building so as to conform to the grade of the street; that in raising and adjusting said buiilding, plaintiffs did the same in such careless, negligent and unskillful manner as to break and damage the roof thereof, and to permit water to pass through said roof and floors and flood the entire stock of goods belonging to said defendants, to their great damage.

To each of these separate defenses the plaintiffs demurred on the grounds that they did not constitute a defense; the demurrer was overruled, trial had and judgment rendered for the defendants upon their said counter-claims for the sum of $160. From this judgment plaintiffs appeal.

Section 94 of our code of civil procedure provides that:

"The defendant may set forth in his answer as many grounds of defense, counter-claim, set-off, and for relief, as he may have, whether they are such as have been heretofore denominated legal or equitable or both. Each must be separately stated and numbered, and they must refer in an intelligible manner to the causes of action which they are intended to answer."

Section 95 of the code of civil procedure provides that such counter-claim must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connecred with the subject of the action. The right to relief concerning the

subject of the action, must be a right to relief necessarily or properly involved in the action for a complete determination thereof or settlement of the question involved therein.

The only question for our determination is: Did the damages for which defendants sought to recover by their counter-claim arise out of the contract sued on, or were they connected with the subject-matter of the action, so as necessarily or properly to be involved in the action for a complete determination thereof? The damages claimed did not arise out of the contract sued on unless they resulted from some act on the part of the plaintiffs which was a breach of said contract, or resulted from the negligence or failure of said plaintiffs to perform some duty which, by the contract, it was their duty to perform.

Although the damages may have resulted from the fact that the premises were not fit for the purpose for which they were let, or, because they were permitted to become or remain out of repair, yet, unless it was the duty of the plaintiffs by the express or implied covenants of the lease, to deliver the premises to the defendant in a condition fit for the purposes for which they were let, and to keep them in a condition of suitable repair, then such damages would not arise out of the contract or be connected with the subject-matter of the action.

Where a lease contains no stipulation or covenant on the subject, no obligation on the part of the landlord to repair is implied, nor any warrantee that the premises are or will continue to be suitable for the lessees' use or business or safe from exposure to damage from the elements through the landlord's omission to make repairs. (*Wilkinson v. Clauson*, 12 N. W. Rep. 147; *Kruger v. Far-*

*rant*, 13 N. W. 158; *Jaffe v. Harteau*, 56 N. Y. 398; *Edwards v. N. Y. & H. R. Co.*, 98 N. Y. 245; *Mullen v. Rainear*, 45 N. J. L. 520.)

It is contended by the defendant in error that, as the landlord reserved to his own use a portion of the upper story of the building, and that it was the part of the roof covering the portion thus reserved by the landlord which was permitted to become out of repair and caused the damage stated in the first defense set up by counter-claim, and that as the tenant had no dominion over the part of the building thus reserved, it was the duty of the landlord to keep that part of the roof in repair, and to prevent damage to the defendants in error through its becoming defective; but we see no sound reason why the rule we have before stated should not extend in like manner to portions of the premises not expressly demised to the tenant, but which were necessary to his use or protection as in this case—the common roof.

The authorities generally agree that the parcel tenant or owner may, in such case, have an easement of egress and ingress over the common passageway, and of shelter in the roof, but this does not throw upon the landlord the burden of actively undertaking to keep the building or any part of it in repair, unless he has agreed to do so, or unless it is in danger of becoming a nuisance. A tenant is directly interested in understanding the risks which he will assume in exposing his goods to injury to the elements, and it is incumbent on him to exercise proper care and precautions in selecting and leasing of tenements to be occupied by him. He has the right, and ordinarily it is his duty, to insist that he be permitted to inspect those portions of the building or premises not to be

under his dominion by virtue of the lease, but which may be of importance to him as effecting his protection and security in the parts to be occupied by him, and he may require such proper stipulation in his lease as will secure him protection.

The relation of landlord and tenant in this case only existed as to the part of the building leased by the defendants in error. If the damages complained of resulted from any defect or want of repair in such part of the building, the defendants in error cannot recover therefor, because the duty was not upon the landlord, by any expressed or implied terms of the lease, to keep it in repair. If the damage resulted from any defect or want of repair in a portion of the building not leased, then the liability of plaintiff in error does not arise upon contract, express or implied, but such liability if any must arise from the fact of his ownership and control of the upper story of the building, and cannot be asserted as a defense by way of counter-claim.

The maxim "Use your own property in such a manner as not to injure that of another" is not usually applicable to a mere omission to act but rather to some affirmative acts or course of conduct which amounts to or results in an invasion of another's rights. In *Cheeseborro v. Green,* 10 Conn. 318, the court, while admitting that an action on the case might lie against one who should suffer his building to become dangerous through decay, deny that the maxim could be carried further in its application so as to render the owner of the upper story liable to the owner of the lower, for want of proper repairs of the roof. But, whatever may be the rule of law as to the liability of an owner who permits his property to become out of

repair, resulting in damage to the property of his neighbor, the defendants in error cannot avail themselves of the rule because under our code of procedure, they can only recover in this action for damages arising out of the contract sued on, and for some act or omission which it was the duty of the plaintiff, by the contract, to do or omit to do; for such must be the foundation of a defense by way of counter-claim.

We are therefore clearly of the opinion that, as to the first defense alleged in the counter-claim, the demurrer was well taken and should have been sustained.

II. The second defense pleaded by way of counter-claim, viz: that the plaintiffs in error entered upon the premises to raise and adjust said building so as to make it conform to the grade of the street, and that in raising and adjusting said building they did the same in such careless, negligent and unskillful manner as to break and damage the roof thereof and to permit water to pass through said roof and flood the stock of goods belonging to defendants in error, greatly damaging the same, and disturbing their business and putting them to expense in shifting their stock of goods to avoid further damage by water, we think might well be pleaded by way of counter-claim, as the acts of the lessor alleged in this part of the answer, if done without the consent of the lessee would constitute a direct breach of the covenants of the lease. Although there is in this lease no express covenant for quiet enjoyment, the law implies such a covenant from the contract of leasing. The rule is that whether a lease contains a covenant for quiet enjoyment or not, is, so far as the rights of the tenant are concerned immaterial, as in all cases, unless otherwise expressly provided, the law

implies such a covenant. A covenant for quiet enjoyment is implied in every mutual contract for leasing, by whatever form or words the agreement is made; and for the breach of such covenant occasioned through the fault of the lessor, the lessee has his remedy for such damages as result to him therefrom. (Woods, Landlord and Tenant sec. 354, and cases there cited.)

Any act by which the lessee is disturbed in the possession of the premises is a breach of this covenant, and any description of annoyance to the occupation of the premises, which prevents the lessee from enjoying the property in so ample a manner as he is entitled to by the terms of his lease, amounts to a breach of the covenant for quiet enjoyment. Where the lessee is disturbed in his possession of the premises by a stranger, the acts done must in the assertion of title, and not a mere tortious act for which an action of trespass might be maintained; but a disturbance of the lessee by the lessor himself does not come under this rule. Where the disturbance is by the lessor, the courts will not drive the lessee to his action of trespass, when by the general implied covenant in law, the lessor engaged not to avoid his own deed, either by rightful or wrongful entry. (Woods, Landlord and Tenant, sec. 361.)

This record contains special findings of fact and conclusions thereon; and as from such findings and conclusions it appears that no damages were found or allowed the defendants in error upon the first paragraph of their counter-claim, the error of the court below in overruling the demurrer to said paragraph was harmless; and as the judgment of the court below is fully sustained by the

findings of fact supported by the evidence under the second paragraph of said counter-claim, the judgment is affirmed.

All the Justices concurring.