LANDT ET AL., APPELLANTS, *v.* SCHNEIDER, RESPONDENT.

(No. 1,907.)

(Submitted May 27, 1904. Decided June 27, 1904.)

*Landlord and Tenant—Lease — Abandonment—Warranties—*
*Obligation to Repair—Statutes—Application — Evidence—*

*Extension of Lease—Acts of Attorney—Written Authority—Statute of Frauds—Appeal.*

1.  Leaving the key to a leased building at the lessor's place of business over his protest, and in spite of his refusal to accept a surrender of the premises demised, is not such an acceptance by the lessor as will relieve the lessee from the payment of rent.
2.  In the absence of statute or agreement, there is no implied warranty that leased premises are suitable for the purpose for which they are demised.
3.  In the absence of statute or agreement, there is no implied warranty that the lessor will keep the leased property in repair.
4.  Civil Code, Sections 2620, 2621, providing that, where a leased building is intended for the occupation of human beings, the lessor must, in the absence of agreement to the contrary, put the same in a condition fit for habitation, and repair subsequent dilapidations, etc., does not apply to business property, but is limited in its application to property used for dwelling-house purposes.
5.  Where there was nothing contained in the description of property in a lease by which it could be determined from the lease itself whether it was intended for occupation by human beings or not,, which was one of the issues made by the pleadings, parol evidence was admissible to explain the purpose for which the property was leased, together with its condition and description.
6.  A letter written subsequent to the beginning of an action for rent, which did not by its terms ratify any previous act of one of the lessors, was inadmissible for the purpose of showing authority on his part to make a previous agreement with the lessee on behalf of the other lessors.
7.  A letter written by R. and B., two lessors, to the third lessor, to the effect that they had concluded that R. should go to the place where the third resided, and agree concerning the leased premises, was inadmissible to show that R. had authority to extend the lease as agent of B.
8.  Where one of several lessors of a building had no written authority to sign an extension agreement containing an agreement for a conveyance of the land, for one of the other lessors, as required by Civil Code, Section 2185, Subdivision 5, such extension agreement, which was for more than a year, was invalid.
9.  Where it did not appear that the appeal record contained all the evidence introduced at the trial, or the substance thereof applicable to the errors assigned, the supreme court could not review the sufficiency of the evidence to sustain the verdict.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

ACTION by Louis Landt and others against E. G. Schneider. From a judgment in favor of defendant, and from an order overruling a motion for a new trial, plaintiffs appeal. Affirmed.

*Messrs. Blackford & Blackford,* and *Mr. T. J. Walsh,* for Appellants.

MR. COMMISSIONER POORMAN prepared the following opinion for the court:

On February 26, 1900, the plaintiffs, Landt, Ritter and Buxman, leased to defendant, Schneider, and one Fleiner certain property for the term of one year. Schneider acquired the interest of Fleiner in the lease, and on the 10th of September, 1900, it was agreed between plaintiffs and defendant, Schneider, that the time of the lease should be extended for an additional year from the 26th day of February, 1901. Schneider occupied the premises until the 25th day of February, 1901. This action was to obtain a judgment against Schneider for the rent claimed to be due for the time named in the extension of the lease. Trial by jury. Verdict and judgment for defendant. Appeal from the judgment and from an order overruling plaintiffs' motion for a new trial.

The defense is to the effect: (a) That defendant surrendered the possession of the premises at the close of one year, and that plaintiff Landt accepted the same. (b) That the buildings leased were occupied, and intended to be occupied, by human beings; that the same had become unfit for such occupancy; that the lessors had been notified, and had failed and refused to make repairs.

1. Where material facts relative to the surrender to and acceptance by the lessor of leased premises are in dispute, the question thus presented is to be determined by the jury; but in this case, for reasons hereinafter stated, we can only say generally that leaving the key of the leased building at the lessor's place of business over the protest of the lessor, and in spite of his refusal to accept the premises demised, is not such an acceptance by the lessor as will relieve the lessee from the payment of rent. (*Blake* v. *Dick,* 15 Mont. 236, 38 Pac. 1072, 48 Am. St. Rep. 671.)

2. It is an elementary principle of law that, in the absence of a statute or agreement, there is no implied warranty that leased premises are suitable for the purposes for which they are

demised, or that the lessor will keep the property in repair. (*York* v. *Steward,* 21 Mont. 515, 55 Pac. 29, 43 L. R. A. 125; *Petz* v. *Voigt Brewery Co.,* 116 Mich. 418, 74 N. W. 651, 72 Am. St. Rep. 531; *Davidson* v. *Fischer,* 11 Colo. 583, 7 Am. St. Rep. 267, and note; *Minneapolis C. Co.* v. *Williamson,* 51 Minn. 53, 38 Am. St. Rep. 473, and note; *Hines* v. *Willcox,* 34 L. R. A. 824, note, 96 Tenn. 148.)

Sections 2620, 2621, Civil Code, provide, however, that, where the building leased is intended for the use and occupation of human beings, the lessor must, in the absence of an agreement to the contrary, put it in a condition fit for such occupation, and must repair all subsequent dilapidations, etc.; that, if he does not make such repairs within a reasonable time after notice, the lessee may repair the same, where the cost does not exceed one month's rent, or may vacate the premises, in which case the lessee shall be discharged from the further payment of rent.

The decision in *York* v. *Steward,* above cited, was based on a state of facts arising prior to the enactment of this statute, and merely holds to the common-law doctrine, without making reference to the statute, though the decision was not rendered until subsequent to the enactment of the sections above referred to. This statute, however, is confined to property used for dwelling-house purposes, and is not applicable to business property. (*Edmison* v. *Aslesen,* 4 Dak. 145, 27 N. W. 82; *Minneapolis C. Co.* v. *Williamson, supra.*)

3. The lease between the parties describes the property as "the Maiden brewery plant * * * comprising about four and one-half acres of ground, together with the brewery building and machinery and appliances and appurtenances thereto belonging or in any wise appertaining." The written agreement extending the lease does not give any further description of the property leased. It was denied· in the answer that the lessor had any land, and alleged that the building was situate upon government land. No proof, so far as this record shows,

appears to have been introduced upon this subject by either party. There is nothing in the description of the property contained in the lease by which it can be determined from the lease itself whether it was intended for occupation by human beings or not, and this was one of the issues made by the pleadings. Parol evidence was admissible under these issues to explain the purposes for which the property was leased, and, as incidental thereto, its condition and description, and the court did not err in admitting such evidence.

4. The court refused to admit in evidence a letter which was offered by plaintiffs for the purpose of showing that Landt had authority to act for and on behalf of plaintiff Buxman with reference to leasing this property. This letter was written by Buxman to Landt subsequent to the beginning of this action, and does not by its terms ratify any previous act of the plaintiff Landt; and the same is also true of plaintiffs' Exhibit A, which is the power of attorney executed subsequent to the commencement of the suit, but does not by its terms relate to or ratify past transactions.

5. Plaintiffs' Exhibit C was a letter written by Buxman to Landt, dated prior to the written extension of the lease, containing this statement: "We (Ritter and Buxman) have concluded that Mr. Ritter goes to your place and all what he agrees about the brewery in Maiden is all right with me." This letter is signed by George Buxman. Plaintiffs sought to show by this letter that Ritter had authority to enter into the agreement of September 10th extending the lease as the agent of Buxman. The court refused to admit the letter. This letter is a statement by plaintiff Buxman to plaintiff Landt, and does not purport to grant written authority to Ritter to contract for and on behalf of Buxman.

Subdivision 5, Section 2185, Civil Code, provides that an agreement for leasing for a longer period than one year, or for the sale of real property, or for an interest therein, must be in writing, and such agreement, if made by an agent, is invalid,

unless the authority of the agent be in writing, subscribed by the principal sought to be charged.

Section 1504, Civil Code, provides that, when an attorney in fact executes an instrument transferring an interest in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact.

Ritter had no written authority, as appears from this record, to contract for Buxman; nor is Buxman's name signed to the agreement extending the time of this lease. This lease and agreement of extension also embody an agreement for the sale and conveyance of this land to defendant. Under the facts here presented, this alleged agreement of Buxman amounts to nothing more than a parol agreement to extend the terms of the written lease and agreement to convey for more than one year beyond the date when the contract of extension was entered into.

In *Delano* v. *Montague,* 4 Cush. 42, the court says, in substance, that a parol agreement between the parties to a lease in writing, entered into before the expiration of the lease, that the lessee would take the premises for another year on the same terms, is within the statute of frauds, as an agreement not to be performed within a year, and no action can be maintained thereon.

The agreement extending the terms of this written lease as to plaintiff Buxman is within the statute of frauds (Subd. 5, Sec. 2185, Civil Code), and is wholly void. It is not such an agreement as the defendant could have enforced against the plaintiff Buxman.

Query: Whether this did not invalidate plaintiffs' entire cause of action?

6. Appellants also claim that the evidence is insufficient to sustain the verdict, and this assignment appears to have been intended as presenting the real issues on this appeal. The record, however, does not positively or even inferentially disclose that it contains all the evidence introduced at the trial thereof, or the substance thereof bearing upon the errors as-

signed. This court has so many times decided that, in order to present a question of this character, the record must disclose all the evidence introduced at the trial below, or its substance, applicable to the errors assigned, that the rule is now *stare decisis,* and we cannot recommend that it be changed. A collection of the cases on this point may be found in *King* v. *Pony Gold M. Co.,* 28 Mont. 74, 72 Pac. 309.

We therefore recommend that this judgment and order be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are affirmed.