### H. H. TUCKER, JR. v. E. L. BENNETT.

(Filed February 11, 1905.)

LANDLORD AND TENANT—Duty to Put Building in Condition Fit For Occupation. A landlord who rents the second story of a store building, in a store block, which is intended to be used by the lessee for printing and publishing a newspaper therein, in the absence of an agreement in the lease, is not bound to put the building in a condition fit for such occupation and repair all subsequent dilapidations thereof, as the property leased is not a building intended "for the occupation of human beings", within the meanings of sections 863 and 864, Wilson's Statutes.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*Wm. M. Bowles,* for defendant in error.

*H. A. Johnson,* for plaintiff in error.

Opinion of the court by

PANCOAST, J.: This action was commenced in the district court of Noble county by the defendant in error to recover of plaintiff in error the sum of $49.00 on account of rent of a room in a certain building in the city of Perry.

It appears from the undisputed facts that on the 8th day of July, 1901, the plaintiff in error rented a portion of a certain building from the defendant in error, and entered into a written lease therefor, with the usual covenants, which lease provided that the term should continue from the 10th day of July, 1901, to the 10th day of July 1902, and that the rent or money to be paid for the use of the said building was $84.00, to be paid in monthly installments of $7.00 on the 10th day of each and every month, a payment of $14.00 being made in advance.

The answer admits the execution of the lease, and alleges that the room was rented for the purpose of printing and publishing a newspaper therein, and that the plaintiff had represented to the defendant that it was suitable for that purpose, whereas in fact, it was not suitable, the floor being too weak to sustain and support the necessary machinery required in printing of such newspaper; that such fact became known to the defendant when moving in, at which time he notified the plaintiff thereof, and plaintiff agreed to make the necessary repairs to support the floor, but failed to do so. Defendant being unable to occupy the building on account of its untenantable condition, having placed only a portion of the machinery therein, removed therefrom and turned the keys over to the plaintiff.

The evidence of the defendant below, as disclosed by the record, fairly supports the allegations of the answer to the effect that the building was in such condition that it was unsuitable for the purposes for which it was intended to be used. In fact, this seems to have been admitted, and the case was tried by the plaintiff upon the theory that the landlord was under no obligations to make the necessary repairs, or place the building in a suitable condition for the particular use desired by the plaintiff, because the lease did not contain a covenant so to do. The judgment of the court was for the plaintiff below in the sum of $49.00, the amount claimed.

Several questions are argued, but we think one only need be noticed. It is contended by plaintiff in error that because the building was unfit for the use which defendant below desired it, and because the landlord, after notice, failed and refused to place it in condition fit for such use, that under the law he had a right to vacate the premises and terminate the lease. That he did vacate the premises there seems to be no dispute. As stated before, the case was submitted upon questions of law involved, the questions of fact being substantially agreed upon.

The plaintiff in error concedes there is no stipulation in the lease requiring the landlord to place the building in a condition making it suitable for the use for which the lessee intended it, or to keep the same in repair, yet that he was under obligation to repair the building so as to make it fit for the use intended by the lessee, bcause of his parol agreement to do so, and because of sections 863 and 864, Wilson's Statutes, which provide that where a building is intended for the occupation of human beings, it is the

duty of the landlord to put the same in condition fit for occupation.

The defendant in error claims that where there is no stipulation in a lease requiring the landlord to put and keep the leased premises in repair, he does not warrant the premises to be suitable for any special or partcular use for which the lessee desires them, and is under no obligation to place them in condition for the lessee's use. In support ot this proposition, the case of *Handley v. Bank,* 6 Okla. 76, is cited.

At common law, it is the well settled rule that in the absence of any agreement between the parties, the landlord is generally under no obligation to his tenant to keep the demised premises in repair. (A. & E. Enc. Law, vol 18, p. 215.) The common law rule is in force in this Territory, except as modified by sections 863 and 864, Wilson's statutes.

Under the well settled rule that written contracts cannot be varied by parol agreements, the subsequent parol agreement to place the building in condition for the lessee's use cannot be upheld. The parol feature of the agreement is also open to the objection that it is without consideration. (A & E. Enc. Law, vol. 18, p. 227; *Purcell v. English* 86 Ind, 34; *Elbin v. Miller,* 78 Ky. 371; *Gregor v. Kady,* 82 Me. 131; *Dill v. Middleton,* 105 Mass. 447; *Town v. Armstrong,* 75 Mich. 580.) The courts of Montana, New Jersey, Texas, Wisconsin and other states hold the same rule.

As to the contention that sections 863 and 864, Wilson's Statutes, so change the common law rule as to place the obligation on the lessor in this case to put the building which he leased in condition fit for occupancy and to keep it in repair, the writer of this opinion thinks it is well taken, but

the majority of the court are of a different opinion. These two sections read as follows:

"Section 863: The lessor of a building intended for the occupation of human beings must in the absence of an agreement to the contrary put it in condition fit for such occupation, and repair all subsequent dilapidations thereof, except that the lessee must repair all deteriorations or injuries thereto occasioned by his ordinary negligence."

"Section 864: If within a reasonable time after notice to the lessor, of dilapidations which he ought to repair, he neglects to do so, the lessee may repair the same and deduct the expense of such repairs from the rent or otherwise recover it from the lessor, or the lessee may vacate the premises, in which case he shall be discharged from any further payment of rent or performance of other conditions."

Several of the states have statutes more or less similar to ours upon this subject, each of which, to some extent, changes the common law rule with reference to the duty of the landlord to repair, and the rights of the tenant in case of failure to do so. The cases of *Wilson v. Threadwell* (Cal) 22 Pac. 304, and *Tatum, et al. v. Thompson,* (Cal.) 24 Pac. 1009, are California cases arising out of a failure of the landlord to put in condition and repair premises leased for the purpose of business and trade, and fairly uphold the contention of the plaintiff in error in this case.

These two sections were a part of the laws of the Territory of Dakota, and were adopted literally, with other laws, by the first legislature of this Territory, and prior to the time of their adoption here had been construed by the supreme court of Dakota. (*Edmisson v. Aslesen,* 27 N. W. 82.) In that case, the respondent had leased a portion of a store building in the city of Sioux Falls at a stipulated price, for rental. The lessee failing to pay the rent as provided in the

lease, action was brought to recover the same. The defense was that the premises were unfit for the use for which they had been rented, and the landlord having had notice of such condition, failed to repair the same, and that because of such dilapidations, the lessee was compelled to vacate the premises before the expiration of the lease, and was therefore not liable for the rent. There was no provision in the lease which in terms made it the duty of the landlord to repair the defect complained of. The lessee, however, claimed and insisted that independent of the contract such obligation rested upon the landlord by virtue of the provisions of the statute which we have herein quoted. Upon consideration of this case, the court held that the building leased was not a building intended for occupation of human beings, as contemplated by the statute. It is evident that the supreme court of Dakota was of the opinion that this statute was not applicable to buildings occupied for the purpose of business and trade, and that the language used in the statute "intended for the occupation of human beings," refers to another class of buildings.

Our legislature having adopted these two sections of the statute after they had been construed by the supreme court of Dakota, under the rule in such cases, they should be given the construction which had been placed upon them prior to their adoption here. Following this rule, it must be held that the building leased in this case was not such a one as is contemplated by the statute, as being intended for the occupation of human beings.

The judgment of the court below is affirmed.

Hainer, J., who presided in the court below, not sitting; Beauchamp, J., absent; all the other Justices concurring.