# HORTON v. EARLY.

No. 2733.   Opinion Filed August 6, 1913.

(134 Pac. 436.)

1.  **JUSTICES OF THE PEACE**—Appeal—Pleading—Amendment. The right to file amended pleadings in the county court, on appeal from a justice of the peace court, depends upon whether it is in further-ance of justice to permit them to be filed, and is to be determined by that court in the exercise of a sound judicial discretion.

2.  **SAME** — Appeal — Pleading — Amendment. Where damages are sought to be recovered, and the only amendment made is to in-crease the amount or to add a new element of damage, and no objection to such amendment is made other than to object to answers to questions propounded to witnesses during the trial, no available error is presented on appeal.

3.  **PRINCIPAL AND AGENT**—Authority of Agent—Question for Jury. The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury.

4.  **LANDLORD AND TENANT**—Lease—Implied Warranties. In the lease of a building for mercantile purposes, there is no implied warranty that it is suitable or properly adapted for the uses to which it is applied, nor that it shall continue to be suitable for the lessee's use or business, or safe from exposure to danger from the elements.

5.  **SAME**—Repairs—Negligence—Liability of Amendment. A lessor who, in the absence of a stipulation to repair, nevertheless, at the request of the lessee, gratuitously authorizes repairs to be made upon the leased premises, but does so in such a negligent and unskillful manner that damages therefrom result to the tenant, is liable to the latter for such loss and damage.

6.  **APPEAL AND ERROR**—Review—Harmless Error. Where it ap-pears from the evidence that a verdict is so clearly right that, had it been different, the court should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the instructions.

(Syllabus by the Court.)

*Error from County Court, Bryan County;*
*J. L. Rappolee, Judge.*

Action by W. A. Horton against M. M. Early. Judgment for defendant, and plaintiff brings error. Affirmed.

Horton v. Early.

*W. H. Ritchey* and *Phillips & Fowler,* for plaintiff in error.

*Deck & Elting,* for defendant in error.

Opinion by SHARP, C. This case originated in a justice court in Bryan county. Plaintiff, in his bill of particulars, sought to recover judgment for $25 for the rent of a store building in the city of Durant for the month of April, 1910. Defendant filed a written answer, claiming damages to her stock of goods, by reason of the fact that the roof of the store building leaked, and that in consequence thereof her stock of goods was damaged in the sum of $50. A trial being had, the defendant prevailed, whereupon plaintiff appealed to the county court, and filed therein a motion to require defendant to make more definite and certain the allegations of her answer in reference to damages. An amended answer was filed in the county court on March 2, 1911, in which it appears that the defendant attempted to comply with the order of the court in the particular mentioned, but in which amended answer she sought to recover damages of plaintiff, on account of loss sustained by reason of the leaky roof, in the sum of $115. No objection to the filing of the amended answer was made by motion to strike or otherwise. Issue was joined thereon by written reply, and the case went to trial in the county court upon the issues as amended in that court. The only objection urged in regard to the amendment was during the examination of defendant, when she was asked the following questions:

"Q. At this time what was the condition of the floor on the inside? A. Water standing all over it and over my rubbers. Q. What effect did that have on your trade? (Objection.) Q. That is, could you carry on your trade? A. No, sir. (Objection.)"

It will be noted that in neither instance was any objection made until the witness had answered the question. It is a familiar rule of law that, although the question propounded to a witness be objectionable, opposing counsel cannot complain of the prejudicial effect thereof, where no objection was made until after the answer was given, and where no request was made to exclude the testimony from the consideration of the jury. The question

is one that has recently been before this court in *St. Louis & S. F. R. Co. v. Davis,* 37 Okla. 340, 132 Pac. 337, where numerous authorities are cited in support of the rule announced.

The right to file amendatory pleadings in the county court, where permitted by the court in furtherance of justice, is expressly authorized by section 5467, Rev. Laws 1910. The question of the right to file amended pleadings or new pleadings is one that must rest largely in the sound discretion of the trial court. While on appeal a new cause of action should not be permitted to be introduced by amendment to the pleadings, yet as the case is to be tried *de novo* in the county court, and as the statute expressly authorizes the filing of amended or new pleadings, amendments, where properly confined and made in furtherance of justice, will not form sufficient ground for reversal, at least where the only objection urged arises during the trial by objection made after answer to questions propounded to the witnesses.

Where the only change effected is to increase the amount of damages or to add an element of damages, and where the original cause of action remains the same, we cannot say the trial court abused its discretion in permitting the amendment. *St. Louis & S. F. R. Co. v. Steele,* 37 Okla. 536, 133 Pac. 209; *Stevens v. Perrier,* 12 Kan. 297; *Robbins v. Sackett,* 23 Kan. 302; *Kansas City, Ft. S. & G. R. Co. v. Hays,* 29 Kan. 193; 24 Cyc. 727 *et seq.*

It is next urged that the plaintiff's agent, Downing, was without authority in the premises, except to collect and receipt for the rents on the building occupied by defendant. The question of agency was one of fact to be gathered from all the facts and circumstances in evidence. *Ricker Nat. Bank v. Stone,* 21 Okla. 833, 97 Pac. 577; *Minneapolis Threshing Machine Co. v. Humphrey et al.,* 27 Okla. 694, 117 Pac. 203; *Port Huron Engine & Thresher Co. v. Ball,* 30 Okla. 11, 118 Pac. 393; *Allen v. Kenyon,* 30 Okla. 536, 119 Pac. 960; *Midland Sav. & Loan Co. v. Sutton et al.,* 30 Okla. 448, 120 Pac. 1007; *Yukon Mill & G. Co. v. Imperial Roller Mills Co.,* 34 Okla. 817, 127 Pac. 422; *Kelley et al. v. Wood,* 32 Okla. 105, 120 Pac. 1110. At the time in question the plaintiff was in Mexico. Defendant made complaint to

Colonel Downing about the condition of the roof. The complaint Downing communicated to the plaintiff, who answered, stating that he would be back home soon, and authorizing Downing to arrange the matter the best he could. An attempt was made to repair the roof, and the cost thereof was afterwards authorized by plaintiff to be deducted from the rents. So that, regardless of any express authority from the plaintiff to his agent, the evidence shows a ratification of the agent's acts. The fact that plaintiff instructed his agent to do the best he could toward a settlement of his tenant's complaint would alone be a sufficient authorization to the agent to exercise his judgment concerning the particular act in question, and when the agent did act, and his action was ratified and approved by the principal, by directing payment of the cost of repair, no room for question as to the liability of the principal can exist.

It is urged that the court erred in instructing the jury as set out in instruction number 9. The instruction is open to the objection urged against it, as it is a well-recognized principle of law that, in the absence of a statute or agreement, there is no implied warranty that leased premises are suitable for the purposes for which they are demised, or that the lessor will keep the property in repair. *Hanley et al. v. Banks et al.,* 6 Okla. 79, 51 Pac. 664; *Davidson v. Fischer,* 11 Colo. 583, 19 Pac. 652, 7 Am. St. Rep. 267, and note; *Petz v. Voight Brewery Co.,* 116 Mich. 418, 74 N. W. 651, 72 Am. St. Rep. 531, and note; *Minneapolis C. Co. v. Williamson,* 51 Minn. 53, 52 N. W. 986, 38 Am. St. Rep. 473, and note; *Gregor v. Cady,* 82 Me. 131, 19 Atl. 108, 17 Am. St. Rep. 466; *Ward v. Fagin,* 101 Mo. 669, 14 S. W. 738, 10 L. R. A. 147, 20 Am. St. Rep. 650, and note; *Landt v. Schneider,* 31 Mont. 15, 77 Pac. 307; *Hines v. Willcox,* 96 Tenn. 148, 33 S. W. 914, 34 L. R. A. 824, and note, 54 Am. St. Rep. 823. The building being one used for business or mercantile purposes, section 3813, Rev. Laws 1910, can have no application. *Tucker v. Bennett,* 15 Okla. 187, 81 Pac. 423; *Edmison v. Aslesen,* 4 Dak. 145, 27 N. W. 82; *Landt v. Schneider,* 31 Mont. 15, 77 Pac. 307; 1 Tiffany on Landlord and Tenant, p. 578. While the giving of the instruction was erroneous, it does not necessarily follow, for

that reason alone, the judgment of the trial court should be reversed, for, where it appears from the evidence that the verdict is so clearly right that, had it been different, the court should have set it aside, such verdict will not be disturbed merely on account of the fact that some one of the instructions given misstated the law. It is said in Hughes on Instructions to Juries, sec. 243:

"So where the evidence standing uncontradicted is sufficient to sustain the verdict rendered, error in the giving of instructions will be regarded as harmless. Thus, where the plaintiff's cause of action is clearly established by the admissions of the defendant, there can be no ground for complaint in the giving or refusing instructions even though they are erroneous."

While we do not attempt to defend the instruction complained of, yet, under the evidence, it is manifest that the jury reached a correct conclusion in finding for the defendant; the amount of the verdict not being complained of. *Shawnee Nat. Bank v. Wooten & Potts,* 24 Okla. 425, 103 Pac. 714; *Mitchell v. Altus State Bank,* 32 Okla. 628, 122 Pac. 666.

Notwithstanding that plaintiff was not legally bound to repair the roof, yet, having undertaken so to do, he is liable for the damage sustained on account of a failure to make said repairs in a proper and skillful manner. The principle that governs in such cases being that, although the landlord is not bound to repair in the absence of an express covenant to repair, where no controlling statute interferes, and though his promise to repair, made subsequent to the execution of the lease, is without consideration, and hence is unenforceable, yet if he shall voluntarily and gratuitously undertake, during the term, to repair the demised premises, he is bound in so doing to use ordinary care and diligence. He may be held responsible for his negligence or lack of care and skill, or the negligence of his servants, or those employed by him in doing what, in the first instance, he was not bound to do. The distinction is made by the authorities between nonfeasance and misfeasance of the landlord. In other words, the law distinguishes between the failure or refusal of the landlord to do what he has not promised to do, or is not legally bound to do, and his doing it in a negligent manner. But if the landlord volun-

tarily repairs and actually enters upon the carrying out of his scheme of repair, he will be responsible for the want of due care in the execution of the work, upon the principle of liability for negligence, without reference to any question of implied contract to repair, or implied consideration. *Mann v. Fuller,* 63 Kan. 664, 66 Pac. 627; *Upham v. Head,* 74 Kan. 17, 85 Pac. 1017; *Callahan v. Loughran,* 102 Cal. 476, 36 Pac. 836; *Glickauf v. Maurer,* 75 Ill. 289, 20 Am. Rep. 238; *Hamilton v. Feary,* 8 Ind. App. 615, 35 N. E. 48, 52 Am. St. Rep. 485; *Rice v. Whitley,* 115 Iowa, 748, 87 N. W. 694; *Michael & Bro. v. Billings Printing Co.,* 150 Ky. 253, 150 S. W. 77; *Gregor v. Cady,* 82 Me. 131, 19 Atl. 108, 17 Am. St. Rep. 466; *Buldra v. Henin,* 212 Mass. 275, 98 N. E. 863; *Rehder v. Miller,* 35 Pa. Super. Ct. 344; *Shute v. Bills,* 191 Mass. 433, 78 N. E. 96, 7 L. R. A. (N. S.) 965, 114 Am. St. Rep. 631; *Peerless Mfg. Co. v. Bagley,* 126 Mich. 225, 85 N. W. 568, 53 L. R. A. 285, 86 Am. St. Rep. 537; *Litle et al. v. McAdaras,* 38 Mo. App. 187; *Finer v. Nichols,* 158 Mo. App. 539, 138 S. W. 889; *Broame v. New Jersey Conference Camp Meeting,* 83 N. J. Law, 621, 83 Atl. 901; *Salvetta v. Farley et al.* (Sup.) 123 N. Y. Supp. 230; *Wilcox v. Hines,* 100 Tenn. 538, 46 S. W. 297, 41 L. R. A. 278, 66 Am. St. Rep. 770; *Dalkowitz Bros. v. Schreiner* (Tex. Civ. App.) 110 S. W. 564; *Wertheimer v. Saunders,* 95 Wis. 573, 70 N. W. 824, 37 L. R. A. 146; Underhill on Landlord and Tenant, sec 518; Tiffany on Landlord and Tenant, sec. 87, pp. 609, 610.

There is little or no controversy but that the repairs to the roof were made in response to the defendant's complaints. That the roof was old and in bad condition stands confessed; that the repairs made failed of their purpose, and that as a result thereof the defendant's stock of goods, contained in the storeroom, was damaged, as well as her trade interfered with, is abundantly borne out by the testimony. The plaintiff had full knowledge of the defective condition of the roof, and on one occasion, prior to the death of the defendant's husband, he himself attempted to repair it. It is admitted further that Col. Downing was plaintiff's agent for the purpose of collecting rent, though plaintiff denied the authority of his agent to make or authorize the

making of any repairs. The jury, however, concluded from the testimony that the agent possessed such authority. It is significant too, in this behalf, that plaintiff authorized the payment of the cost of repairs, and that the amount thereof was deducted out of the rents is nowhere denied by plaintiff.

Having thus concluded, we are of the opinion that the judgment of the trial court should be sustained.

By the Court: It is so ordered.