## ENTERPRISE SEED CO. v. MOORE.

No. 5298.   Opinion Filed September 14, 1915.

Rehearing Denied October 5, 1915.

(151 Pac. 867.)

**LANDLORD AND TENANT—Premises Leased for Business Purposes —Implied Warranty—Repairs.** In this jurisdiction there is no implied warranty that premises leased for business purposes are suitable to the uses for which they were demised, or that the lessor will keep the same in repair.

(Syllabus by Bleakmore, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by W. P. Moore against the Enterprise Seed Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*Shirk & Danner,* for plaintiff in error.

*Grant Stanley* and *Sam Hooker,* for defendant in error.

Opinion by BLEAKMORE, C. This is an action for rent of a building used for business purposes, in which

W. P. Moore was plaintiff and the Enterprise Seed Company, defendant. The parties will be referred to as they appeared in the trial court.

On September 19, 1908, plaintiff by written contract leased to defendant the first floor and basement of a certain building then being erected in Oklahoma City, for a term of five years; the rent being payable in equal monthly installments. Defendant occupied the premises under said contract until January 1, 1912, when it quit. Plaintiff seeks to recover the amount due upon one of such installments.

Defendant answered, charging that the premises were rendered unfit for occupancy, and it was constructively evicted, by reason of the defective construction of a wall of the building and certain deficiencies in plumbing, permitting sewer water and gas to seep through the same into and flood the basement, etc.

The lease contract contains no covenant on the part of the lessor to keep the premises in repair. Defendant took possession immediately upon the completion of the building. It appears by the evidence that water, probably from a broken sewer pipe, seeped or leaked through the wall, and at times covered the basement floor. Plaintiff was notified, but declined to repair.

The court directed a verdict, and rendered judgment for plaintiff; and this action is assigned as error.

If the premises were to be used as a residence, or if there was an implied warranty of the fitness of the premises for the purposes for which they were leased, or if there was any duty on the part of the lessor to make repairs, the contention of defendant would be tenable; but these are no longer open questions in this jurisdiction.

Mr. Justice Sharp, speaking for this court, in *Horton v. Early,* 39 Okla. 99, 134 Pac. 436, 47 L. R. A. (N. S.) 314, announced the rule as follows:

"It is a well recognized principle of law that, in the absence of a statute or agreement, there is no implied warranty that leased premises are suitable for the purposes for which they are demised, or that the lessor will keep the property in repair. *Hanley et al. v. Banks et al.,* 6 Okla. 79, 51 Pac. 664; *Davidson v. Fischer,* 11 Colo. 583, 19 Pac. 652, 7 Am. St. Rep. 267, and note; *Petz v. Voight Brewery Co.,* 116 Mich. 418, 74 N. W. 651, 72 Am. St. Rep. 531, and note; *Minneapolis C. Co. v. Williamson,* 51 Minn. 53, 52 N. W. 986, 38 Am. St. Rep. 473, and note; *Gregory v. Cady,* 82 Me. 131, 19 Atl. 108, 17 Am. St. Rep. 466; *Ward v. Fagin,* 101 Mo. 669, 14 S. W. 738, 10 L. R. A. 147, 20 Am. St. Rep. 650, and note; *Landt v. Schneider,* 31 Mont. 15, 77 Pac. 307; *Hines v. Wilcox,* 96 Tenn. 148, 33 S. W. 914, 34 L. R. A. 824, and note, 54 Am. St. Rep. 823. The building being one used for business or mercantile purposes, section 3813, Rev. Laws 1910, can have no application. *Tucker v. Bennett,* 15 Okla. 187, 81 Pac. 423; *Edmison v. Aslesen,* 4 Dak. 145, 27 N. W. 82; *Landt v. Schneider,* 31 Mont. 15, 77 Pac. 307; 1 Tiffany on Landlord and Tenant, p. 578."

It follows, therefore, that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.