## ARBUCKLE REALTY TRUST v. ROSSON et al.

No. 25286. April 20, 1937.

John A. Haste and Ernest B. Lykins, for plaintiff in error.

H. W. Broadbent, for defendants in error.

BAYLESS, V. C. J. Arbuckle Realty Trust instituted an action in the district court of Murray county, Okla., against Ed Rosson and Fred E. Hyse'l to recover certain rentals on certain real estate, and for damages for failure to observe the terms of the lease contract. The defendants admitted the execution of the grazing lease, and admitted that they went into possession of the property under the lease, but allege they never had exclusive or peaceable possession of the lands because the same were unfenced and the cattle of other people trespassed thereon. The judgment of the court, based upon the verdict of the jury, was for the defendants.

There is only one assignment of error which need be noticed, since it is necessary to reverse the judgment of the trial court because thereof. The court gave an instruction relating to the implied warranty of fitness for use which reads as follows:

"You are further instructed that there is an implied covenant in every lease contract that the lessor will deliver possession of the premises at the beginning of the term, and are further told in this connection that if you find from a fair preponderance of the evidence that the plaintiff did not deliver possession of the property to the defendants in that the fence along the northwest corner of said place at the time of the execution of the lease had been removed, and that said lands could not be used for grazing or pasturing by reason of said fence having been removed prior to the time of the execution of the lease, then you will find for the defendants."

The law of this state is, as has been announced by this court in prior decisions, there is no implied warranty of fitness for the use for which the property is leased, in the absence of warranty, deceit, or fraud. It is the duty, in the absence of warranty, etc., of the prospective lessee to examine the property to be leased to determine the state of fitness for use.

This rule was laid down in Lavery v. Brigance. 122 Okla. 31, 242 P. 239, as follows:

"In the absence of warranty, deceit, or fraud, the rule of caveat emptor applies to leases of real estate, the control of which passes to the tenant, and it is the duty of the tenant to make examination of the demised premises to determine their safety and adaptability to the purposes for which they are hired."

"In the absence of a statute or an agreement, there is no implied warranty that leased premises are suitable for the purposes for which they are demised."

In this connection see, also, Horton v. Early, 39 Okla. 99, 134 P. 436, Hanley v. Banks, 6 Okla. 79. 51 P. 664, and Tucker v. Bennett, 15 Okla. 187, 81 P. 423.

Where the court erroneously instructs the jury upon an issue of law to the prejudice of one of the parties, and the record is made thereon, this court will reverse a judgment of the trial court against such complaining party.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

OSBORN, C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur.