James BEARD, Jr., and Mary Elizabeth Beard, Appellants,

v.

The GENERAL REAL ESTATE CORPORATION, Appellee.

No. 5219.

United States Court of Appeals Tenth Circuit.

Jan. 3, 1956.

Gus Rinehart, Oklahoma City, Okl. (Jack Hatfield, J. Russell Swanson, Enid, Okl., Butler & Morrison, Oklahoma City, Okl., were with him on the brief), for appellants.

R. W. Simons and M. F. Priebe, Enid, Okl. (Simons, Simons, Mitchell, Headrick & Mitchell, Enid, Okl., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, HUXMAN, Circuit Judge, and CHRISTENSON, District Judge.

HUXMAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Western District of Oklahoma dismissing appellants' complaint for failure to state a cause of action.

The amended complaint alleged that prior to July 25, 1954, the Beards rented from the General Real Estate Corporation a residence in Enid, Oklahoma, in which was furnished by the defendant a stove and an electric ice box; that the refrigerator failed to function; that plaintiffs notified the defendant of such failure; and that defendant undertook to repair the same. It was alleged that after the repair was made defendant notified plaintiffs that it was working properly; that plaintiffs relied upon such representations. It was further alleged that the refrigerator was defective after such repairs, which fact was known to the defendant but unknown to the plaintiffs; that on the night or early morning of July 25, 1954, a fire occurred which was started by the defective condition of the refrigerator and due to the negligence of the defendant in failing to properly repair the same, after undertaking so to do.

The complaint alleged that the fire took the lives of plaintiffs' two children, one aged two years and the other aged one. Damages were prayed for much in excess of the jurisdictional amount of $3,000.

No reason is assigned for the court's ruling. Appellee, however, rests its case on the contention that under Oklahoma law when a landlord fails to make repairs required of him or makes them in a negligent manner the only remedy available to the tenant is either to make the repairs himself and deduct the amount thereof from the rent or to vacate the premises.[1]

1. 41 Okl.St.Ann. §§ 31–32 reads as follows:

"§ 31. The lessor of a building intended for the occupation of human be-

ings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof, ex-

■ At common law there was no obligation on the landlord to make repairs on the rented premises and no liability for failure to make repairs for injuries suffered because of the defective condition of the premises.[2] If, however, the landlord undertook to make repairs and did so negligently he became liable to the tenant for all loss proximately resulting therefrom.[3] This is also the law of Oklahoma where the enactment set out in Footnote 1 is inapplicable.[4]

■ Plaintiffs' cause of action was predicated upon the alleged negligent manner in which the landlord made repairs. Obviously under the common law as applicable in Oklahoma, the complaint would state a cause of action. The decision then turns on the question, does the Oklahoma statute set out in Footnote 1 remove the liability of the landlord, where he voluntarily undertook to make repairs but did so in a negligent manner?

Oklahoma has not passed on this precise question. A casual reading of the statute, however, would indicate that it was passed for the benefit of the tenant and not for that of the landlord. Nowhere can we find language indicating that it was the intent to relieve the landlord of his common-law liability where he makes repairs but does so in a negligent manner.

North Dakota has statutory provisions nearly identical to those of the Oklahoma statute. In fact the Oklahoma statute was taken from the Dakota territorial laws.[5] Recently the North Dakota court had the question before it on a different factual situation. It did, however, construe the statute and held that while the sections "give the tenant new remedies against a landlord they do not otherwise alter the relationship of landlord and tenant under the rule of the common law".[6] California has an identical statute. In three cases the California courts have held that the statute had no effect on the pre-existing common-law liability for *negligent repairs made by the landlord.*[7] It is our view that if and when the precise question comes before the Supreme Court of Oklahoma it will construe its statute as similar statutes have been construed by the courts of North Dakota and California.

A further contention that in any event the allegations of the complaint are insufficient to state a cause of action because they state mere conclusions rather than ultimate facts is not well taken. The complaint states the allegations required by the liberalized rules of Federal Civil Procedure, 28 U.S.C.A.; it states that the landlord undertook to make the repairs; did so in a negligent and careless manner; and that this was the proximate cause. of the ultimate injuries and loss.

Reversed and remanded.

cept that the lessee must repair all deteriorations or injuries thereto occasioned by his ordinary negligence.

"§ 32. If within a reasonable time after notice to the lessor of dilapidations which he ought to repair, he neglects to do so, the lessee may repair the same himself, and deduct the expense of such repairs from the rent, or otherwise recover it from the lessor; or the lessee may vacate the premises, in which case he shall be discharged from further payment of rent, or performance of other conditions."

2. 32 Am.Jur. 521–22; 526–27; 52 C.J.S., Landlord and Tenant, § 417.

3. See cases 150 A.L.R. 1373; 2 Restatement, Torts, § 362.

4. Horton v. Early, 39 Okl. 99, 134 P. 436, 47 L.R.A.,N.S., 314; Crane Co. v. Sears, 168 Okl. 603, 35 P.2d 916.

5. See Tucker v. Bennett, 15 Okl. 187, 81 P. 423.

6. Newman v. Sears, Roebuck & Co., 77 N.D. 466, 43 N.W.2d 411, 417, 17 A.L. R.2d 694.

7. See Callahan v. Loughran, 102 Cal. 476, 36 P. 835; Janofsky v. Garland, Cal. App., 109 P.2d 750; Nelson v. Myers, 94 Cal.App. 66, 270 P. 719.