MARIA GREGOR vs. HANNAH E. CADY.

Cumberland.    Opinion November 19, 1889.

*Landlord and tenant.   Unsafe premises.   Imperfect repairs.   Injuries to tenant.   New trial.*

A landlord, who, at the solicitation of his tenant, gratuitously undertakes to repair the premises leased, but does it so unskilfully as to subsequently cause an injury thereby to the tenant, is liable therefor.

When a question of fact is expressly submitted to a jury on conflicting evidence, their verdict, in the absence of prejudice shown, will not be set aside, if it is founded on evidence in its support, though the preponderance is against it.

ON MOTION.

This was an action by a tenant to recover damages for

personal injuries sustained through the negligence of the land-lord in making repairs to the premises.

(Declaration.)

In a plea of the case, for that the said defendant, to wit, on the first day of August, A. D. 1887, was the owner of a certain building or dwelling-house situated on the southerly corner of York and State streets, in said Portland, in which was a certain tenement consisting of four or five rooms with shed and water closet adjoining and appurtenant thereto, which said shed and water closet, and the timbers and floorings thereof were decayed, rotten and out of repair, and unsafe, unfit, and dangerous for use and occupancy. All of which the said defendant well knew.

And the said defendant well knowing the condition of said premises as aforesaid, and that the same were out of repair, unsafe, and unfit for occupancy, to wit: On the said first day of August, 1887, requested and solicited the plaintiff and her husband to hire said tenement and appurtenances thereto and offered the same for hire to them representing to them and each of them that said tenement and said shed and water closet were in good repair, and in good order and condition, suitable and safe for occupancy, and for the purposes of a tenancy for them and their family; and the plaintiff says that relying upon the false and fraudulent representations of the defendant, and being ignorant of the unsafe and dangerous condition of said premises, and believing them to be in good order and repair and condition, as represented by said defendant and safe for her own use and the use of the members of her family for the purposes of a tenancy she requested and procured her husband to hire the same, and he did hire the same at her request for the purposes of a tenancy for himself and family as aforesaid, and entered into the occupancy thereof.

Now the plaintiff in fact says, that said premises and particu-larly said shed and water closet, were not in good repair and condition, as represented to her by said defendant and safe for her use and the use of her family, but that the same was out of repair and the timbers and flooring of said shed and said closet were rotten, decayed, and unfit and unsafe for use and occu-

pancy, all of which said defendant well knew. That thereafterwards, to wit, on the fourteenth day of March, A. D. 1888, while the plaintiff was in the proper use and occupancy of said premises and believing the same to be in good order and condition as represented by the defendant, and using ordinary care, the timbers and flooring upon the same in said water closet being decayed and rotten, and insecurely nailed and fastened, broke and gave way, and she fell with great force and violence through the same and against and upon the door stool thereof, and was greatly hurt, strained and injured, and was confined to her bed for a long time thereafter, to wit, for the space of three months, that she suffered great pain and soreness in and through her arms, shoulders, stomach and other parts of her person ; that she lost large quantities of blood; and her life for a long time was despaired of; that she never has recovered and never will recover from the effects of said fall and the injuries then received ; that her physical injuries and suffering and the nervous shock then received and attending prostration have permanently undermined and destroyed her former good health. Whereof, and by means of said false and fraudulent representations, as aforesaid, said plaintiff was greatly hurt and injured. All of which is to her damage, etc.

The plea was the general issue. The case was tried before a jury in the superior court for Cumberland county.

The instructions of the presiding justice to the jury upon the legal points of the case were as follows :—

"It does not appear either from the lease or from any arrangement entered into at the time between the parties, that either party was under any obligation to make repairs on the premises. In the absence of any original stipulation in the contract, as to who shall make repairs, the law places the duty upon the tenant and not on the landlord. In other words, when the owner of the property lets it to a tenant, the tenant takes the property as it is. It is presumed that he examines the premises and in the absence of any stipulation to the contrary, the tenant takes the premises as they are and if any repairs are to be made the duty devolves upon him. As a consequence of this principle of law,

if a tenant is injured on the premises during the existence of the tenancy by their defective condition, the tenant must suffer the loss unless one of three states of facts exist. If the fact should appear that there was some trap, some weak condition of parts of the premises, known to the landlord and the existence of which was not communicated to the tenant and not known by him, then in case an accident happened from such defect the landlord would be liable on the ground that he was guilty of deceit in not communicating the existence of such hidden trap or defect to the tenant. In this case, the plaintiff claims that she was injured by the fall of the privy floor, but there is no testimony here that either she or the defendant knew of the defective condition prior to the accident. Consequently the plaintiff cannot recover on this branch of the case, because there is no testimony tending to show that Hannah or Darby Cady knew of the weak condition of the privy and failed to communicate it to the plaintiff before the injury occurred.

Another state of facts upon which the plaintiff can recover in an action like this, even though there is no stipulation as to repairs, is where there is a warranty on the part of the landlord that the premises are safe or will be safe during the tenancy. Now there is no warranty in this instrument that this tenement shall be safe for this family during the continuance of the tenancy; there is no warranty, either express or implied, that the premises shall be safe as long as the plaintiff or her husband, shall occupy them. Consequently the plaintiff cannot recover under that exception.

But the third exception under which the plaintiff can recover, even though there is no stipulation in the lease as to who shall make the repairs, is this: If the landlord's attention is called to the weak and defective condition of any part of the premises, and he assumes and pretends to make repairs, then he is held to the ordinary rule of reasonable care in making those repairs.

Now the plaintiff admits, that in the original contract of lease, there is no provision by which the landlord was to keep the premises in repair ; but she claims that during the continuance of the tenancy she notified the agent of the defendant that the barn

and bridge thereto were in a defective and weak condition. She claims that in response to that demand the defendant or her agent pretended to repair the premises, but did not exercise reasonable care, and that in consequence of his failure to make the repairs which he pretended to make, she was injured. Now if such was the fact, although there is nothing in the lease providing that the landlord shall make the repairs, still, if during the continuance of the tenancy his attention was called to the defective condition of the premises, and he did assume and pretend to repair them, and notified her that they had been repaired, and relying upon his statement that the defects had been repaired she was injured, then she would be entitled to recover compensation for the injury she thereby sustained."

The verdict was for the plaintiff. The defendant moved for a new trial because the verdict was against law and evidence and because the damages were excessive.

*W. H. Looney,* for defendant.

If a tenant is injured by any want of repair or any defect in premises the landlord is not liable. Taylor's Landlord and Tenant, §§ 175 a, 327, 328, 382. Chitty on Contracts, pp. 466, 470, 471. *Libbey* v. *Tolford,* 48 Maine, 316 ; *O'Leary* v. *Delaney,* 63 Maine, 584 ; *Dutton* v. *Gerrish,* 9 Cush. 89 ; *Foster* v. *Peyser,* 9 Cush. 243 ; *Leavitt* v. *Fletcher,* 10 Allen, 119 ; *Bowe* v. *Hunking,* 135 Mass. 380 ; *Doupe* v. *Genin,* 45 N. Y. 119 ; *Jaffe* v. *Harteau,* 56 N. Y. 398, 401.

*George Libby,* for plaintiff.

Counsel cited: *Nugent* v. *B. C. & M. R. R.,* 80 Maine, 62 ; *Enfield* v. *Buswell,* 62 Id. 128 ; *Scott* v. *Simons,* 54 N. H. 426 ; *Gill* v. *Middleton,* 105 Mass. 477 ; *Cowen* v. *Sunderland,* 145 Id. 363.

VIRGIN, J. In August 1887, the defendant leased in writing to the plaintiff a second story tenement including a shed and privy attached to which access was had by a bridge from the kitchen. Subsequently, but prior to March 1888, the attention of the lessor was called to the rickety condition of some portion

of the premises especially the bridge ; and he with a carpenter made repairs of the bridge. On March 14, 1888, while the plaintiff was in the privy, the floor gave way whereupon she in falling seized hold of the door-stool to prevent herself from going down several feet into the vault and was severely injured ; for which the jury returned a verdict for $825. The defendant, without finding any. fault with the amount of the verdict, seeks to have it set aside as being against law and evidence.

It is common knowledge among the members of the profession that no duty on the part of a landlord to repair leased premises arises out of the relation subsisting between him and his tenant ; and in the absence of any covenant on his part in the lease that the premises are in proper repair, he is under no legal obligation to make repairs ; but the tenant, on the principle of *caveat emptor*, and in the absence of any fraud on the part of the landlord, takes them in the actual condition in which he finds them for better and for worse.

Moreover, any subsequent promise by the landlord to repair is without consideration and no action of assumpsit will lie for his non-performance of such a promise. *Libbey* v. *Tolford*, 48 Maine, 316.

But while it is generally true with respect to gratuitous contracts that for non-feasance no action lies, still for misfeasance an action on the case may be maintained, inasmuch as "the confidence induced by undertaking any service for another is a sufficient legal consideration to create a duty in the performance of it." Smith's note in *Coggs* v. *Bernard*, Smith Lead. Cas. (6th Am. Ed.) 355. "A distinction exists between non-feasance and misfeasance,—between a total omission to do an act which one gratuitously promises to do and a culpable negligence in the execution of it. * * If a party makes a gratuitous engagement and actually enters upon the execution of the business and does it amiss through the want of due care by which damage ensues to the other party, an action will lie for this misfeasance." 2 Kent Com. 570, *Thorne* v. *Deas*, 4 Johns, 96-99 ; *Balfe* v. *West*, 13 C. B. 466, (76 E. C. L.) *Elsee* v. *Gatward*, 5 T. R., 143, 149, 150 ; *Wilson* v. *Brett*, 11 M. & W. 113, 115 ; 16 Am. Jur. 261, *et seq.*

This established principle is applicable to the case at bar. And although the lessor's attention, after possession taken by the lessee, was called by the latter to the rickety condition of a portion of the premises and he thereupon agreed to repair it, still he was under no legal obligation to fulfill his promise. But when upon the request of the lessee the lessor gratuitously undertook to make the repairs and negligently and unskilfully performed the work, whereby the lessee was subsequently injured, the lessor became liable by reason of his misfeasance, provided he undertook to repair the particular part of the premises to which his attention was called and where the injury occurred. *Gill* v. *Middleton*, 105 Mass. 477, which is on all fours with the case at bar.

Such was the substance of the charge of the learned judge on this point.

But the defendant contends that no complaint was made in regard to the privy and that she did not undertake to repair that, —but did repair the bridge.

The presiding judge called the attention of the jury to this question of fact and left the question to them to decide, which issue they must have found for the plaintiff. We think the evidence preponderates in behalf of the defendant; but there is evidence on which the verdict can rest.

*Motion overruled.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.