Margaret NICHOLS

v.

Robert MARSDEN et al.

Supreme Judicial Court of Maine.

Argued Nov. 8, 1983.

Decided Oct. 29, 1984.

---

Downeast Law Offices, P.A., Kim M. Vandermeulen, Michaela Murphy (orally), Augusta, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Michael D. Seitzinger (orally), Malcolm Lyons, Augusta, for defendants.

Before NICHOLS, ROBERTS, WATH-EN, GLASSMAN and SCOLNIK, JJ., and DUFRESNE, A.R.J.

NICHOLS, Justice.

On this appeal the Plaintiff, Margaret Nichols, challenges an order of summary judgment entered against her in Superior Court, Kennebec County, in an action against her former landlords, the Defendants, Robert Marsden and Patricia Marsden, to recover for injuries the Plaintiff sustained when she fell through the front steps of a house which she was renting from them on Hancock Street in Augusta.

In addition to arguing that the record presents a genuine issue of material fact concerning the Defendants' duty to maintain the premises in good repair, the Plaintiff urges the adoption of a different legal standard for determining a landlord's liability for injuries caused by defective conditions on leased premises.

We conclude that on the facts of this case summary judgment was improperly granted and therefore we sustain the appeal.

The Plaintiff, along with her co-tenant, John Frost, agreed orally to rent the single family Hancock Street residence from the Defendants on a month-to-month basis, beginning in late June, 1981. Twice during the period before these tenants moved in, while the Defendants themselves were living in the house, the Defendant, Robert Marsden, had re-nailed the top board of one of the front steps because it was warped and had pulled loose from its frame. On neither occasion did he observe any cracks or other defects in the stairway. Nevertheless, according to their deposition testimony, both Robert Marsden and the Plaintiff became aware during the course of the summer that the front steps were in poor condition and needed additional repairs. Finally, on the evening of September 2, 1981, when the Plaintiff stepped out the front door to retrieve an object on the lawn, the top board on the second stair broke under her feet, causing her to fall and injure her ankle.

The Plaintiff did not tell the Defendants what had happened until several weeks or months after the incident. In February, 1982, she entered a complaint against the Defendants alleging that they had breached their duty to maintain the premises free of defects and had thereby caused her injury. The Defendants answered, denying liability. After depositions of all the parties were complete, they filed the motion for summary judgment which gave rise to this appeal.

■ In granting summary judgment for the Defendants, the presiding justice applied the traditional common law rule that a landlord is not liable to a tenant for personal injuries caused by a defective condition in premises under the tenant's exclusive control. *Cole v. Lord*, 160 Me. 223, 202 A.2d 560 (1965). Under three recognized exceptions to this rule, a landlord may be found liable in situations where he:

(a) fails to disclose the existence of a latent defect which he knows or should have known existed but which is not known to the tenant nor discoverable by him in the exercise of reasonable care, *Cole v. Lord*, 160 Me. at 228, 202 A.2d at 562; *McKenzie v. Cheatham*, 83 Me. 543, 22 A. 469 (1891); (b) gratuitously undertakes to make repairs and does so negligently, *Gregor v. Cady*, 82 Me. 131, 19 A. 108 (1889); or (c) expressly agrees to maintain the premises in good repair, *Jacobson v. Leaventhal*, 128 Me. 424, 148 A. 281 (1930). A landlord also may be found liable in negligence for injuries caused by defective conditions in common areas of a rented building over which he is deemed to have control. *Anderson v. Martson*, 161 Me. 378, 213 A.2d 48 (1965).

■ In the case at bar the condition of the front steps clearly was not a latent defect since both parties were well aware of it before the incident occurred; nor could the steps be considered a common area since they were attached to a single family residence under the Plaintiff's exclusive control. Furthermore, the gratuitous repairs exception does not apply here because the Defendants did not attempt to repair the steps *while* the premises were in the Plaintiff's possession. *See Gregor v. Cady*, 82 Me. at 137, 19 A. at 108; 2 *Powell on Real Property* (Rev.Ed.1982) ¶ 234[2][e]; *Restatement (Second) of Property* § 17.7 (1977). The only question remaining for the Superior Court to consider in ruling on the summary judgment motion, therefore, was whether the record developed thus far presented any genuine issue of material fact concerning the existence of an express agreement by the Defendants to maintain the premises in good repair. M.R. Civ.P. 56(c). Although the presiding justice concluded that no such issue was raised in the pleadings, depositions or affidavits on record in this case, we must disagree.

■ In his affidavit in support of the motion for summary judgment, the Defendant, Robert Marsden, stated that at no time

did he or Patricia Marsden enter into any agreement, either written or oral, with the Plaintiff stipulating that they would make repairs to any portion of the premises, including the front steps. Certain actions by the Defendants and statements contained in their own deposition testimony tend to contradict this assertion, however. In particular, the Defendant, Patricia Marsden, testified that when she first showed the house to the Plaintiff and her co-tenant on June 26, 1981, she explained that while "minor things would be [the tenants'] responsibility," the Defendants would take care of any major repair work including areas such as the roof or the plumbing and electrical systems. Such a promise, made in the course of negotiating an oral lease agreement, would be a sufficient ground on which to establish liability for failure to maintain those areas of the house in good repair. *See Restatement (Second) of Property* § 17.5 comments b(1) and g (liability predicated upon a *promise* by the landlord, expressed either as a term of the lease or, if supported by separate consideration, after possession has been transferred). There remain material questions of *fact*, therefore, whether the Defendants agreed to make repairs and whether the poor condition of the stairway outside the front door fell within the scope of this agreement.

Such material questions of fact cannot be resolved on a motion for summary judgment which may be granted only where the facts before the court so conclusively preclude recovery by one party that judgment in favor of the other is the only possible result as a matter of law. *Beaulieu v. City of Lewiston,* 440 A.2d 334, 337 (Me.1982). Moreover, it is the Defendants, as the moving parties, who bear the burden of establishing the non-existence of any genuine issue of fact material to the Plaintiff's case. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.2a at 36 (2d ed. 1970). The testimony tending to prove the existence of an agreement by the Defendants to maintain certain portions of the premises in good repair is sufficient, even though there may be evidence to the contrary, to create a genuine issue of material fact concerning the scope of that agreement which, in turn, is critical to determining the Defendants' liability. It is for this reason that we must vacate the order of summary judgment.

Accordingly, the entry must be:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.