STATE OF MAINE
ANDROSCOGGIN, SS.

SUPERIOR COURT
Docket No. 00-CV-193

RICHARD GIGUERE and
CINDY BRAGDON,
   Plaintiffs,

v.

YVETTE MICHAUD,
   Defendant.

ORDER

RECEIVED & FILED

NOV 01 2001

ANDROSCOGGIN
SUPERIOR COURT

Pending before the Court is the Defendant's Motion for Summary Judgment, filed August 22, 2001. A hearing on the motion was held on October 24, 2001. At that hearing, plaintiff was represented by Anthony Ferguson, Esq., and defendant was represented by Robert Hoy, Esq.

## DISCUSSION

Motions for summary judgment have been addressed by the Law Court on many occasions:

> In reviewing a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *(citation omitted)* In testing the propriety of a summary judgment, we accept as true the uncontroverted facts properly appearing in the record. (citation omitted)

*Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 5, 711 A.2d 842, 844. The issue is not whether there are any disputes of fact, but whether any of the disputes involve a "genuine" issue of "material" fact. *See* Rule 56(c). After reviewing the record provided with these standards in mind, the court must conclude that there are no genuine issues of disputed fact.

Plaintiffs leased a house located at 760 Lisbon Street in Lewiston from defendant during the summer of 1999. On August 6, 1999, Mr. Giguere hit his head on the ceiling above the cellar stair when he stood up from his seat on the stair. He filed suit against the owner of the house on October 10, 2000, alleging that she was liable for the injuries he sustained. A loss of consortium claim from his wife was included in that suit.

In Maine, landlords are generally not liable for personal injuries caused by a defective condition in the leased premises while those premises are under the tenant's exclusive control. *Cole v. Lord*, 202 A.2d 560 (Me. 1965). The parties agree that these premises, *i.e.*, the house and basement at 769 Lisbon Street, Lewiston, were in the sole possession and control of the plaintiffs. The issue, then, is whether there are disputed issues of fact that might generate one of the exceptions to this general rule. In *Nichols v. Marsden*, 483 A.2d 341 (Me. 1984), the Law Court explained those exceptions as follows:

> Under three recognized exceptions to this rule, a landlord may be found liable in situations where he: (a) fails to disclose the existence of a latent defect which he knows or should have known existed but which is not known to the tenant nor discoverable by him in the exercise of reasonable care (*citation omitted*); (b) gratuitously undertakes to make repairs and does so negligently (*citation omitted*); or (c) expressly agrees to maintain the premises in good repair.

*Id*, at 343.

As the record demonstrates, this case does not fall within any of those exceptions. It is undisputed that, before the accident, Mr. Giguere was aware of the low ceiling over the stairwell. Under no circumstances could this open and

2

apparent problem be deemed a "latent defect." Ms. Michaud never undertook any repairs to the stairwell or its ceiling on her own, and the plaintiffs never requested that she do so. Finally, there is nothing in the record to support a finding that Ms. Michaud expressly agreed to maintain the entire premises in good repair. In any event, there were no repairs necessary for the stairwell.

Given the circumstances of this case, the court finds that there are no material issues of disputed fact and that, as a matter of law, defendant is entitled to judgment on the plaintiffs' complaint.

## ORDER

For the reasons stated above, defendant's motion for summary judgment is granted.

## DOCKET ENTRY

The Clerk is directed to incorporate this Order in the docket by reference, in accordance with M.R.Civ.P. 79(a).

DATED: November 1, 2001

_____
Ellen A. Gorman

3