STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                      DOCKET NO. CV-03-080


ANGELA BATSON,

              Plaintiff


     v.                                ORDER


NANCY PERKINS,
                                           DONALD L. ̄
              Defendant                        LAW ̄


     On July 13, 2002 Angela Batson was a guest at property owned by defendant in

Ogunquit that had been leased to a Jim Brunelle for a five-week period. Ms. Batson fell

on stairs and was injured. She brought suit against the owner of the real estate claiming

negligence in the construction and maintenance of the stairs. The defendant has filed a

motion for summary judgment.

     The defendant has argued that she as the owner is not liable as the lessee was in

exclusive possession and control of the area where the fall took place. "It is well settled

that a landlord is not liable for injuries caused by defective conditions in areas that are

within the exclusive possession and control of a lessee." *Rodrigue v. Rodrigue*, 1997 ME

99, ¶9, 694 A.2d 924, 6. Also see *Nichols v. Marsden*, 483 A.2d 341, 3 (Me. 1984) for the

principle, "...that a landlord is not liable to a tenant for personal injuries caused by a

defective condition in premises under the tenant's exclusive control." None of the

exceptions noted in *Rodrigue* at note 1 or in *Nichols* at 343 apply.

     I am compelled by existing case law to grant the defendant's motion. I am

concerned, however, that the application of *Rodrigue* and *Nichols* to a short term lease

involving a claimed structural problem, see the photographs contained in the CD submitted by the plaintiff, may be unjust. If the lessee had the exclusive use of the property for an extended period then potential structural problems could be corrected by the lessee or be dealt with through negotiations between the owner and lessee. In a five week lease the lessee has no incentive to correct a structural problem. A lessee will not put in new stairs or add railings during a five-week lease. The owner can escape responsibility by arguing that under existing law no duty is owed. I am not in possession, therefore it is not my problem.

A change in the law, should one be warranted in the context of short term leases involving injuries claimed to be caused by structural defects, must come from the Law Court not a single Superior Court justice.

The entry is:

Defendant's motion for summary judgment is granted. Judgment for the defendant.

Dated:      January 23, 2004

Paul A. Fritzsche
Justice, Superior Court

Stephen B. Wade, Esq. - PL
Thomas Marjerison, Esq. - DEF

2