STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-15-062

MARY-ANN KUCHER,

Plaintiff

v.

AVESTA HOUSING
DEVELOPMENT CORP.,

Defendant

STATE OF MAINE
Cumberland. ss  Clerk's Office **ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
APR 07 2016

RECEIVED

Before the court are defendant Avesta Housing Development Corporation's (1) motion for summary judgment and (2) motion to strike plaintiff Mary-Ann Kucher's surreply in plaintiff's negligence action. For the following reasons, the motion for summary judgment is denied and the motion to strike is granted.

FACTS

Beginning in August 2008, plaintiff rented an apartment from defendant at 43 Townhouse Drive in South Portland. (Supp. S.M.F. ¶ 1.) The apartment building was constructed in approximately 2004. (Id. ¶ 20.) Plaintiff uses an outdoor stairway to access her apartment "all the time." (Id. ¶ 2.) She also uses the stairway to access plants on her deck. (Id. ¶ 5.) She uses the handrail in the stairway for support and to pull herself up the stairs because she has back, knee, and hip problems.[1] (Id. ¶¶ 3-4.) The handrail is attached to a wooden wall with vinyl siding. (Pl.'s Addt'l S.M.F. ¶ 5.)

---

[1] Plaintiff moves to strike defendant's statement of material fact paragraph 4 on the ground that the citation is to a statement that is "not part of the record, is not sworn, and is not supported by affidavit." (Pl.'s Opp'n Mot. Summ. J. 17; Opp. S.M.F. ¶ 4.) Motions to strike factual assertions are not permitted. M.R. Civ. P. 56(i)(1). Further, citations are sufficient if they cite to record evidence that is "of a quality that would be admissible at trial." HSBC Mortg. Servs. v. Murphy, 2011 ME 59, ¶ 9, 19 A.3d 815. The statement is part of the record because defendant produced it as part of its answers to interrogatories. (Def.'s Ex. A to Reply.) The statement is admissible as

1

On August 31, 2012, plaintiff alleges that she was ascending the stairway when the handrail came loose. (Supp. S.M.F. ¶ 7.) Plaintiff estimates that she was on the third or fourth stair and that her foot slid down a stair or two before she was able to recover her balance and continue up the stairs. (Id. ¶¶ 8-10.) She admits that she never experienced any issues with the handrail prior to that day. (Id. ¶ 6; Opp. S.M.F. ¶ 6.)

On September 10, 2012, plaintiff filed an incident report with defendant. (Supp. S.M.F. ¶ 14.) Defendant's maintenance technician, Stephen Estes, inspected the stairway.[2] (Id. ¶ 16.) Mr. Estes did not see any issues by viewing the stairway or handrail. (Id.) He ascended the left side of the stairway while shaking the handrail and did not notice any issues. (Id. ¶ 17.) He descended the stairway while still shaking the handrail and saw the vinyl siding at the bottom of the stairway "move out." (Id. ¶ 18; Pl.'s Addt'l S.M.F. ¶ 1.) Mr. Estes then discovered rotted wood behind a mounting block for the handrail. (Pl.'s Addt'l S.M.F. ¶ 2.)

Mr. Estes admits that the rotted wood could only have been caused by exposure to water and that water must have permeated the vinyl siding. (Id. ¶¶ 4-5.) In his opinion, the water may have permeated the vinyl siding through gaps in the wall that are normally sealed with caulk. (Id. ¶¶ 10-11.) The gaps were no longer sealed with

---

the statement of a party opponent. M.R. Evid. 801(d)(2). There is no requirement that the statement be sworn or supported by affidavit. See M.R. Civ. P. 56(a) (a party "may move with or without supporting affidavits for a summary judgment"); M.R. Civ. P. 56(c) (court should render judgment if "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" show no genuine issue of material fact); M.R. Civ. P. 56(h)(4) (requiring citation to "identified record material").

[2] In anticipation of defendant's argument that Mr. Estes's inspection is inadmissible as a subsequent remedial measure, plaintiff argues that an inspection is not a subsequent remedial measure or, in the alternative, the inspection is admissible to show the feasibility of precautionary measures. (Pl.'s Opp'n Mot. Summ. J. 14-17.) M.R. Civ. P. 407(a) prohibits a party from offering evidence of a subsequent remedial measure to prove negligence or culpable conduct. M.R. Civ. P. 407(a). Mr. Estes's inspection is not offered to prove negligence or culpable conduct. Instead, both parties include the inspection in their statements of material fact to explain how the rotted wood was discovered. (Supp. S.M.F. ¶¶ 16-18; Pl.'s Addt'l S.M.F. ¶¶ 1-2.)

2

caulk because the caulk had shrunk and separated over time. (Id. ¶ 12.) Leonard Westra, plaintiff's expert, testified that in his opinion there were signs of water infiltration and mold on the property and that a routine inspection would have indicated the existence of rotted wood in the wall at issue. (Id. ¶¶ 15, 17.)

The parties dispute the extent to which plaintiff notified defendant of her concerns regarding the stairway prior to August 31, 2012. Plaintiff claims that, in the year before her injury, she noticed significant areas of mold and decay, swelling and splintering wood, and peeling paint in the stairway. (Id. ¶¶ 26-32.) Plaintiff alleges that she contacted defendant's housing manager, Holly Souza, on two separate occasions in September 2011 and again in October 2011 to report her concerns. (Id. ¶¶ 26-28.) According to plaintiff, Ms. Souza responded that she could not worry about the rotted wood because she was dealing with a bedbug infestation in the development. (Id. ¶ 27.)

Plaintiff further alleges that in October 2011 a man named Jacob, who, she understood, was defendant's head of maintenance, inspected the stairway. (Id. ¶ 29.) Plaintiff claims that she questioned Jacob about the mold and rot, and that he assured her the stairway was made of a special composite material that was impervious to mold, decay, and rot. (Id.) She also claims that she asked him about a rattling noise in the handrail, but he insisted there was nothing wrong. (Id. ¶ 30.) She claims she stated that the rails had mold, swelling, or visible rot. (Id. ¶¶ 31-32.)

Defendant argues that these statements are inconsistent with plaintiff's prior testimony that she had not experienced any issues with the handrail prior to August 31, 2012. (Def.'s Reply 3-5); see Zip Lube v. Coastal Sav. Bank, 1998 ME 81, ¶ 10, 709 A.2d 733 ("[A] party will not be permitted to create an issue of material fact in order to defeat a summary judgment motion simply by submitting an affidavit disputing his own prior sworn testimony."). At her deposition, plaintiff testified that she had not had any issues

with the handrail prior to August 31, 2012, but that she had complained about the rotted wood and issues with structural integrity. (Supp. S.M.F. ¶ 6; Pl.'s Addt'l S.M.F. ¶ 26.) Her affidavit testimony about "a rattling noise in the exterior railing," that "the edges of the railings, exposed wood surfaces had either some degree of mold or swelling and peeling back of paint and decay was visible," that "she could see the railing rot," and "she observed that the wood rails of the front stairs had areas of obvious and visible rot" is stricken. (Pl.'s Addt'l S.M.F. ¶¶ 30-32.) The remainder of her affidavit testimony does not contradict her prior testimony referenced in the statements of material facts. (See Opp. S.M.F. ¶ 6; Pl.'s Addt'l S.M.F. ¶¶ 27-32.)

Defendant denies the allegations in paragraphs 27 through 32 of plaintiff's additional statements of material facts but relies on legal argument only and does not support the denial by a record citation. M.R. Civ. P. 56(h)(3); (Def.'s Reply S.M.F. ¶¶ 27-32.) Accordingly, plaintiff's facts in those paragraphs, except those that are stricken, are admitted. M.R. Civ. P. 56(h)(4); Doyle v. Dep't of Human Servs., 2003 ME 61, ¶¶ 10, 13, 824 A.2d 48.

The parties also dispute the extent to which defendant inspected the property prior to August 31, 2012. Plaintiff alleges that defendant did not have a protocol for inspecting the handrails. (Pl.'s Addt'l S.M.F. ¶ 6.) Defendant claims that it required Mr. Estes or a supervisor to walk around the development and look for peeling paint and mold. (Supp. S.M.F. ¶ 19.) Defendant further claims that plaintiff's apartment was inspected and that an inspection report was drafted for each year from 2008 to 2013. (Id. ¶ 22.) In 2009 and 2012, the Maine State Housing Authority also inspected the property and did not find any code violations regarding egress from the buildings. (Id. ¶ 23.)

Plaintiff filed her complaint on February 19, 2015. She alleged four counts of negligence: count I, negligence generally; count II, failure to provide reasonably safe

4

premises; count III, failure to warn of a dangerous condition; and count IV, failure to maintain the premises as required by law. Defendant filed its motion for summary judgment on January 28, 2016. Plaintiff opposed the motion on February 18, 2016. Defendant filed a reply on February 25, 2016. Plaintiff filed a surreply on March 4, 2016, which defendant moved to strike on March 7, 2016.

DISCUSSION

## 1. MOTION FOR SUMMARY JUDGMENT

### a. Standard of Review

Summary judgment "should be granted in favor of a defendant only when the facts before the court so conclusively preclude recovery by the plaintiff that a judgment in favor of the defendant is the only possible result as a matter of law." Binette v. Dyer Library Ass'n, 688 A.2d 898, 901 (Me. 1996). To avoid summary judgment, the plaintiff must establish a prima facie case for each element of the cause of action. Fleming v. Gardner, 658 A.2d 1074, 1076 (Me. 1995). A prima facie case for negligence requires a plaintiff to establish "a duty owed, a breach of that duty, and an injury to the plaintiff that is proximately caused by a breach of that duty." Stanton v. Univ. of Me. Sys., 2001 ME 96, ¶ 7, 773 A.2d 1045. The court gives the nonmoving party the "full benefit" of all reasonable inferences. Curtis v. Porter, 2001 ME 158, ¶ 9, 784 A.2d 18 (citation omitted).

### b. Duty

A landlord is not liable for injuries caused by defective conditions in areas that are within the lessee's exclusive possession and control. Cole v. Lord, 202 A.2d 560, 562 (Me. 1964). Under three exceptions to this rule, a landlord may be found liable where she (1) fails to disclose the existence of a latent defect which the landlord knows or should have known existed but which is not known to the tenant nor discoverable by her in the exercise of reasonable care, (2) negligently undertakes gratuitous repairs, or

5

(3) expressly agrees to maintain the premises in good repair. Nichols v. Marsden, 483 A.2d 341, 343 (Me. 1984) (citations omitted). A landlord also may be liable for injuries caused by defective conditions in common areas over which the landlord retains control. Anderson v. Marston, 213 A.2d 48, 50 (Me. 1965).

Plaintiff seems not to have settled on one theory of liability. She argues that the stairway is a common area. (See Pl.'s Opp'n Mot. Summ. J. 13 ("There is no dispute that the area where Ms. Kucher was injured was a common area under the control of Avesta Housing.").) She then asserts that the only issue before the court is whether defendant had "notice, either actual or constructive, of the condition." (Pl.'s Opp'n Mot. Summ. J. 2.) Notice, however, is not required if the stairway is a common area. See Cote v. M. Blais Props. LLC, 2013 Me. Super. LEXIS 76, at *11 (May 23, 2013) ("In that case liability depends, not on whether the landlord had reason to know of the condition, but on whether the [l]andlord by the exercise of reasonable care could have discovered the condition."). Plaintiff's argument that defendant knew or should have known of the rotted wood suggests that she is instead arguing that the rotted wood was a latent defect.

To determine which theory applies, the trier of fact must first decide whether the stairway was within plaintiff's exclusive possession and control or was instead a common area over which defendant retained control. See Rodrigue v. Rodrigue, 1997 ME 99, ¶ 11, 694 A.2d 924 ("Landlord-tenant liability frequently involves an analysis of whether the tenant took possession of an area, and if so, whether the landlord retained some control over it . . . The question is one for determination by the trier of fact."). The existence of this factual issue therefore precludes entry of summary judgment.

c. <u>Breach</u>

The trier of fact must also determine whether defendant breached the applicable duty. <u>Searles v. Trs. of St. Joseph's Coll.</u>, 1997 ME 128, ¶ 6, 695 A.2d 1206. If the stairway was within plaintiff's exclusive control, defendant will be liable under a latent defect theory if (1) defendant knew or should have known about the rotted wood, and (2) plaintiff did not know of it and could not have discovered it in the exercise of reasonable care. <u>Nichols</u>, 483 A.2d at 343; <u>see</u> <u>Czerwinski v. York-Cumberland Hous. Mgmt. Corp.</u>, 1995 Me. Super. LEXIS 361, at *3-4 (Oct. 11, 1995) (applying latent defect theory). It is established on this record that both plaintiff and defendant knew about the rotted wood prior to her injury. (Pl.'s Addt'l S.M.F. ¶¶ 27-32; Def.'s Reply S.M.F. ¶¶ 27-32.) Plaintiff's knowledge of the rotted wood precludes recovery under a latent defect theory. <u>See</u> <u>Nichols</u>, 483 A.2d at 343 ("In the case at bar the condition of the front steps clearly was not a latent defect since both parties were well aware of it before the incident occurred . . . .").

If the stairway was a common area, however, defendant will be liable if it could have discovered the rotted wood through the exercise of reasonable care and made the condition safe. <u>Horr v. Jones</u>, 170 A.2d 144, 147 (Me. 1961); Restatement (Second) of Torts § 360 (1965). Based on this record, defendant knew about the rotted wood. (Pl.'s Addt'l S.M.F. ¶¶ 27-29, 31-32.) Further, plaintiff has offered testimony from Mr. Westra that a routine inspection would have indicated the existence of rotted wood behind the handrail. (Pl.'s Addt'l S.M.F. ¶¶ 15, 17); <u>see</u> <u>Cote</u>, 2013 Me. Super. LEXIS 76, at *12. Defendant admitted that the railing pulled out from the rotted wood behind the vinyl siding. (Pl.'s Addt'l S.M.F. ¶ 23; Def.'s Reply S.M.F. ¶ 23.) The issue for trial is whether the stairway was a common area and could defendant have made the condition safe. (Pl.'s Addt'l S.M.F. ¶¶ 13, 19; Def.'s Reply S.M.F. ¶ 19.)

7

### d. Causation

Proximate cause is "that cause which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the result would not have occurred." Searles, 1997 ME 128, ¶ 8, 695 A.2d 1206 (citation omitted). Plaintiff alleges that rotted wood existed behind the handrail, that the handrail came loose as she was ascending the stairway, and that her foot slid down the stairs. (Pl.'s Addt'l S.M.F. ¶ 2; Supp. S.M.F. ¶¶ 7, 9.) As stated above, defendant admitted that the railing pulled out from the rotted wood behind the vinyl siding. (Pl.'s Addt'l S.M.F. ¶ 23; Def.'s Reply S.M.F. ¶ 23.) The issue for trial is whether the loose handrail was a cause of plaintiff's losing her balance.

### 2. MOTION TO STRIKE

Defendant moves to strike plaintiff's surreply, filed without leave of court. Rule 7 allows for a motion, an opposition to the motion, and a reply to the opposition. M.R. Civ. P. 7(b)-(c), (e).

Defendant moves also to strike the proposed submission of plaintiff's deposition errata sheet. M.R. Civ. P. 30(e) provides that, if the witness does not sign the deposition transcript within 30 days of the deposition, the officer before whom the deposition was taken shall sign the transcript. Any changes the witness wishes to make must be made by that time. M.R. Civ. P. 30(e). Plaintiff's deposition occurred on October 8, 2015. Plaintiff did not sign the transcript and did not attach an errata sheet. (Def.'s Ex. B to Mot. Strike.) The officer signed the transcript and certified "Any change in form or substance which the witness has made has been entered upon the record by me." (Def.'s Ex. A to Mot. Strike.)

8

## CONCLUSION

The trier of fact must decide whether the stairway was within plaintiff's exclusive control or was instead a common area over which defendant retained control. If the stairway was within plaintiff's exclusive control, a latent defect theory applies, and plaintiff cannot prevail because she knew about the rotted wood. If the stairway was a common area, a common area theory applies, and the trier of fact must determine whether defendant could have made the rotted wood, which defendant knew about, safe and whether the loose handrail was a cause of plaintiff's losing her balance.

The entry is

Defendant's Motion for Summary Judgment is DENIED.

Defendant's Motion to Strike is GRANTED.

Date: April 6, 2016

Nancy Mills
Justice, Superior Court

9